THE CINCINNATI TRACTION CO. *v.* SMITH.

*Negligence — Pleading — Amendment of petition during trial — Specific allegations of medical services — Evidence — Proof of earning capacity.*

1. In an action for personal injuries a petition which alleges that plaintiff was severely bruised about the head, face, hands, etc., producing great nervous shock, from all of which he became sick, sore and lame and was required to seek medical aid, may be amended during the trial by adding an allegation that he was required to seek medical aid for hemorrhages from the head and nose which were caused by reason of such bruises, etc., and evidence may be introduced upon such new matter.

2. Where in an action for personal injuries the claim for damages is in general terms, it is prejudicial error to admit testimony as to the earning capacity of the plaintiff, in the absence of a special plea for loss of wages or earnings.

(Decided March 7, 1921.)

ERROR: Court of Appeals for Hamilton county.

*Mr. H. Kenneth Rogers,* for plaintiff in error.
*Mr. E. T. Brown,* for defendant in error.

BUCHWALTER, J. Defendant in error, plaintiff below, recovered a judgment in the court of common pleas against the plaintiff in error, and this proceeding is prosecuted to reverse that judgment.

Peter Smith, plaintiff below, was on November 9, 1917, a passenger on one of the street cars operated by The Cincinnati Traction Company. The car was stopped on Main street, north of Fifth street, in the city of Cincinnati, to allow passengers to alight. Plaintiff claims that while attempting to leave the car, at that point, which was his destination and the terminus of the route, and while he was on the lower step of the front platform of the car, the motorman negligently shut the folding doors, catching plaintiff's overcoat; that the motorman then started the car in motion, thereby throwing and dragging plaintiff and causing the injuries complained of.

Several witnesses testified as to the accident, although no one, except plaintiff, claimed to have actual knowledge as to how it occurred. The motorman denied that the overcoat was caught, but he did not see the plaintiff fall.

The first ground for reversal urged is that the verdict is not sustained by sufficient evidence, but from the testimony as to the manner in which the injury was received it does not appear that a verdict in favor of the plaintiff is manifestly against the weight of the evidence.

The second assignment of error urged is that the trial court erred in allowing an amendment to the petition, during the trial, over objection, and allowing testimony to be introduced as to new matter so alleged. This was as to the alleged injuries received. The amended petition sets forth the injuries as follows:

"By reason of which this plaintiff was caused great and irreparable injury, severely bruising his

hands, head, face, arms and hips, and producing great shock to his entire nervous system. From all of which he became sick, sore and lame, and has been so ever since, and has been required to seek medical aid, assistance and treatment, *for hemorrhages from the head and nose of plaintiff, which were caused by reason of the bruises and injuries to his face and head, so received as aforesaid.* And is still suffering physical pain and anguish therefrom."

The portion italicized was not included in the original petition.

The testimony as to the hemorrhages might have been received under the general allegation of injuries to face and head. It is true that the testimony shows these symptoms developed some time after the injuries to the head and face, but the testimony was to the effect that they were a probable result of such injuries. This is rather the insertion of an allegation material to the case in an amendment which does not substantially change the claim, hence, it was not an abuse of discretion, nor an error, for the court to permit the filing of such amendment and the introduction of testimony thereunder.

The third assignment of error is that the court allowed testimony to be introduced as to earnings, when no claim was made for special damages.

The claim for damages is in general terms. The allegations as to injuries are quoted above. The only question, therefore, is: Was such evidence admissible without a special plea for loss of wages or earnings? The plaintiff, over objection, testified

that he was receiving $5 per day as a carpenter foreman. Under the allegations in the pleadings the introduction of such testimony was erroneous and prejudicial to the plaintiff in error.

"Where the damages are of such a nature that they do not follow as a necessary consequence of the injury complained of, they should * * * be specially pleaded in order to warrant a recovery." 5 Ency. of Pleading and Practice, 733.

"Where the injuries sought to be recovered for do not necessarily result from the wrongful act, and are not such as the defendant would naturally be acquainted with, they must, in order to prevent surprise, be set out in the declaration or complaint, or evidence thereof will be excluded at the trial." *Id., 750.*

The allegations in the petition do not show permanent disability; nor that the plaintiff suffered or claimed loss of time or wages.

There is nothing to put defendant on notice that loss of earnings is to be claimed.

"Special damages are required to be stated in the declaration for notice to the defendant and to prevent surprise at the trial." 2 Sutherland on Damages (4 ed.), Section 419.

In 4 Sedgwick on Damages (9 ed.), Section 1261, the rule is stated to be:

"All legal damages must, whether the action be in contract or in tort, *naturally* result from the act or default complained of; and although the law in certain cases permits the recovery of such damages as are physically secondary or consequential, yet they must in legal contemplation be also its *proxi-*

*mate* result. Where such result is necessary, or is legally imported by the facts, the damages are general, and need not be specifically set forth in the pleading; otherwise they must, whether such special damage is or is not essential to the maintenance of the action. In the one case, the statement of the cause of action sufficiently apprises the defendant of the extent of the claim. In the other, legal justice, in order to enable him to prepare his defence, requires the further averment of the injurious consequences."

And in Section 1270 it is said:

"So in an action for personal injuries, proof of damages from the interruption of plaintiff's occupation, and deprivation of his accustomed means of earning support, is inadmissible unless such damages are specially alleged."

The common-law rule is set forth as above in *Tomlinson* v. *Town of Derby,* 43 Conn., 562, and *Taylor* v. *Town of Monroe,* 43 Conn., 36, at 46.

The case of *City of Alliance* v. *Campbell,* 17 C. C., 595, relied on by plaintiff, is based on a quotation from "The first volume of Sedgwick on Damages, page 763: 'Under a general allegation of damages, the plaintiff may prove and recover those damages which naturally and necessarily result from the act complained of, or those damages which the law implies will proceed from it.' "

And the court holds that testimony may be given as to wages without any averment as to special damages. The report of this case does not show what the allegations as to damages were; nor is there anything to show what questions were raised

in the supreme court when the case was affirmed without report. We cannot subscribe to the conclusion reached by the court, on this point, in the above case, especially in view of the quotations from the same authority set forth heretofore. The better rule seems to be that sufficient must be alleged to properly apprise the defendant of the claims made. While a general allegation may permit the introduction of testimony as to the physical injuries and suffering naturally flowing from the alleged negligent act, no testimony should be introduced as to earnings unless there is an averment setting forth such matter as a claim for special damages, or other allegations which would show that as a necessary and natural consequence of the injury such damage would be claimed.

The case of *Hamilton County Agricultural Society* v. *Helmann,* 14 C. C., N. S., 522, while a case to recover damages for assault and battery, sets forth the rule as to special damages; so also does *Stevenson* v. *Morris,* 37 Ohio St., 10. The weight of authority upholds this rule and requires a special averment, as in cases for recovery of doctors' bills.

The defendant was not apprised of this claim by the pleadings, and the introduction of testimony showing earnings of $5 per day was erroneous, and prejudicial to the defendant, now plaintiff in error.

The judgment of the court of common pleas will be reversed, and a new trial granted.

*Judgment reversed.*

HAMILTON, P. J., and CUSHING, J., concur.