FORTENBERRY, et al. *v.* WILKERSON, et ux.

No. 39316          November 1, 1954          75 So. 2d 274

*R. L. Netterville,* Natchez, for appellants.

*Roy N. Lee,* Forest, for appellees.

ROBERDS, P. J.

The chancellor sustained a general demurrer to the bill herein and ordered transfer of the case to the circuit court for trial. From that decree this appeal was allowed and prosecuted. Correctness of that action is the question before us.

On December 9, 1950, appellants entered into a contract with Mrs. Alice Wilkerson, one of the defendants, to drill for her a well, hoping for the production of gas or oil, upon thirty-seven acres of land in Alabama, the mineral rights on and under which being owned by Mrs.

Wilkerson. The contract set out the price, $12,800; depth; the time for completion; and other essentials.

The bill exhibited that contract and alleged complainants had fully completed their part of it; that Mrs. Wilkerson had paid them the sum of $7,127.27, but yet owed them $5,672.73, which she had failed and refused to pay. It then alleged that Mr. Mack Wilkerson, the husband of Mrs. Alice Wilkerson, on February 20, 1951, had executed to complainants a promissory note for the sum of $3,344.51, and that W. E. Morse, on the same day, had also executed to complainants a promissory note for the sum of $1,800, both notes being due two months after date, and bearing interest at 6 per cent per annum from maturity. The bill alleges these notes were given as additional security to the obligation of Mrs. Wilkerson to pay the principal debt. The bill also contains averments as to trusteeship of property as between Mr. and Mrs. Wilkerson and undertakes to charge fraud on the part of Mr. Wilkerson in inducing complainants to accept his note. We deem it unnecessary to determine whether trusteeship and fraud were properly alleged. We are of the opinion that the bill states a case for chancery jurisdiction aside from fraud and trusteeship. We think that for two reasons:

■■■ — First, the nature of the suit and the adequacy of the remedy bring the proceeding within the chancery court. It will be noted that the bill sets out the original debt, based upon the drilling contract, owing complainants by Mrs. Wilkerson. It then says that Wilkerson and Morse have executed their notes, exhibiting them, as additional security to the obligation of Mrs. Wilkerson. If that be true, which is admitted by the demurrer, the final decree would be for a money judgment against Mrs. Wilkerson and for an order in chancery for the sale of the Wilkerson and Morse notes, the proceeds of such sale to be applied on the money decree against Mrs. Wilkerson, since it is alleged these

notes are held as security for the debt of Mrs. Wilkerson. That remedy could not be afforded in a court of law.

Second, the cause is maintainable in chancery to avoid a multiplicity of suits. It will be noted that the foundation of the liability to complainants, if there is liability, is the contract with Mrs. Wilkerson, and the performance thereof by complainants, and her failure or refusal to pay the balance of the contract price. All rights and obligations stem from those facts. Therefore, she and the makers of the notes can be joined in one suit in chancery, the powers and machinery thereof being sufficiently flexible to afford all parties an adequate remedy. Sections 202 and 203, Mississippi Chancery Practice, Griffith, Second Edition. That would not be true in a court of law. Morse, for instance, might have defenses to his note not applicable at all to the asserted obligation of Wilkerson and Mrs. Wilkerson. Conceivably, the issues presented to a law court might necessitate three separate trials. Prevention of a multiplicity of suits is one of the duties and powers of equity. Section 439, Griffith's Mississippi Chancery Practice, supra. The rights of all parties can be adjudicated in one chancery proceeding.

It is urged that Section 147 of the Mississippi Constitution takes away our power to reverse the action of a court in transferring the case to another court. In Robertson v. Goodman Dry Goods Co., 115 Miss. 210, 76 So. 149, this Court said ''While we conceive it to be the duty of the circuit court to proceed without question with a cause transferred to it by proper decree of the chancery court, it yet remains that the chancellor might in some instances be in error in transferring a cause that manifestly presents grounds for equitable relief, and that could not be tried in a common-law court, according to right and justice. * * * In such cases the very right of the complainant would depend upon his remedy, and among other rights of litigants they some-

times have the right to equitable remedies, without which their very rights could not be enforced or wrongs done them redressed. If a case of which equity has original jurisdiction should be wrongfully transferred by the chancellor to the circuit court, and an appeal prosecuted by permission of the chancellor, we would be bound to hold that the substantial rights of the litigants are presented." That principle was applied in Reed, et al. v. Charping, 201 Miss. 477, 29 So. 2d, 271, where the Court further said "We are of the opinion that there are elements of relief whose refusal would work a denial of substantial equitable rights amounting to injustice." The asserted rights of complainants, if they have such rights, could not be adequately adjudicated or enforced in a law court. It will be noted that this case has never been tried in the court to which it was transferred. The effect of said Section 147 has usually arisen where the case has been tried by such court. That would present a different question from that confronting us in this case.

Reversed and remanded.

*Kyle, Arrington, Ethridge* and *Gillespie, JJ.,* concur.