House, Appellant, *v.* Moomaw, Appellee.

24

(No. 2816—Decided March 20, 1964.)

*Messrs. Staley & Gilvary*, for appellant.
*Messrs. Harshman, Young, Colvin & Alexander*, for appellee.

SHERER, J. This is an appeal from an order of the Common Pleas Court of Montgomery County, Ohio, overruling the

application of plaintiff, appellant herein, seeking leave of court to file a supplemental petition as provided in Section 2309.63, Revised Code, as follows:

"On such terms as to costs as the court prescribes, either party may file a supplemental petition, answer, or reply, alleging facts material to the case which occurred since the filing of the former petition, answer, or reply. Reasonable notice of the application therefor must be given, when the court so requires."

The parties will hereinafter be referred to as they appeared in the trial court. Plaintiff's petition, filed on August 4, 1962, seeks damages for personal injuries and was filed within two years after the cause of action arose as provided by Section 2305.10, Revised Code. Such section provides as follows:

"An action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose."

Plaintiff's application for leave to file a supplemental petition was filed after the statute of limitations had run, after the defendant had answered and before trial. The application recites that the purpose of filing such supplemental petition is to allege facts material to the cause which occurred since the filing of the original petition. A copy of the proposed supplemental petition, attached to the application, alleges that further surgery was performed on plaintiff's knee on November 5, 1962; that he was confined in the psychiatric department of Miami Valley Hospital from February 26, 1963, to March 27, 1963, for mixed psychoneurosis with anxiety, depression and conversion features; that he has incurred additional medical and hospital expenses in the sum of $1,660.56; that he has sustained additional loss of earnings in the amount of $1,453.92; that he will continue to lose earnings in the future; and that he has suffered additional pain which caused him discomfort to his damage in the amount of $2,565, all as a direct and proximate result of the acts of defendant's employee. Plaintiff prays for judgment therein against defendant in the additional sum of $5,679.48, plus costs. The praecipe attached is as follows:

"Please issue summons to the Sheriff of Montgomery County, Ohio, for service upon the defendant, Donald Moomaw,

at 2944 Martins Drive, Dayton 49, Ohio. Endorse thereon: 'Supplemental Petition alleging additional damages; amount of additional damages claimed five thousand six hundred seventy-nine and 48/100 ($5,679.48) dollars.' Make same returnable according to law.''

The supplemental petition reavers all the allegations of plaintiff's original petition.

In *State, ex rel. Dickman, a Taxpayer,* v. *Defenbacher, Dir.,* 151 Ohio St., 391, 394, the court quotes with approval from 41 American Jurisprudence, 477, Section 264, as follows:

''* * * 'the facts embodied in a supplemental complaint must relate to the cause of action set forth in the original complaint, and must be in aid thereof. An entirely new case cannot be introduced in this way.' ''

The court cites 30 Corpus Juris Secundum, 834, Equity, Section 425, as authority for the statement that, although the purpose of a supplemental bill is to support a cause or suit existing at the time of the filing of the original bill, it is never available to introduce a new or independent cause of action.

In the *Dickman case,* the plaintiff changed the character of his action in a supplemental petition from one of *prevention* as to named persons to one of *compulsion* as to other and different persons.

In *Andrianos* v. *Community Traction Co.,* 155 Ohio St., 47, 51, the court said that the word, ''action,'' as used in Section 11224-1, General Code, now Section 2305.10, Revised Code (the statute of limitations for personal injury), refers to the nature or subject matter thereof and not to its form as a matter of remedial procedure. In other words, the phrase, ''an action,'' as contained in this section, refers to the cause of action, and has reference to the wrong committed rather than the procedure to redress such wrong. *Levin* v. *Bourne,* 117 Ohio App., 269, 272.

In support of his argument that plaintiff cannot file his supplemental petition after the statute of limitations has expired, defendant relies upon the reasoning of the court in the case of *Baramore* v. *Washing,* 80 Ohio Law Abs., 518. In that case the plaintiff filed a petition alleging a negligent act of the defendant and sought judgment in the amount of $7,856.91. The praecipe requested that summons be endorsed: ''Action

for money only, amount claimed $7,856.91 plus costs.'' The plaintiff, without leave of court first obtained, later filed an amended petition which included a prayer for damages in the amount of $33,256.87. No praecipe was attached and no summons was issued. The amendment was filed more than two years after the date of the accident. A motion to strike from the amended petition the claim for damages in the amount of $33,256.87 was sustained. The holding of the court in the *Baramore case* is predicated in part upon the statement of this court in *Kleinhans* v. *American Gauge Co.*, 83 Ohio App., 453, 456, that an amendment of the petition increasing the amount claimed ''could not be made without new service being had and a continuance granted.'' An examination of the facts in *Kleinhans* indicates that the plaintiff's claim as set forth in the petition was based on an express contract and that the plaintiff sought an amendment increasing the amount claimed upon the theory of implied *quantum meruit* for the value of services performed. This new theory represented a change in the plaintiff's cause of action. This court said that the plaintiff did not seek to amend his petition to allege a different cause of action or to conform to the proof of a new cause of action on an implied agreement and that such failure was understandable because there was no evidence to support any such implied agreement. The court, in the *Baramore case*, said, at page 520:

''Section 2305.10 R. C., requires an action for bodily injury to be brought within two years. An action is defined as an ordinary proceeding in a court of justice, involving process, pleadings, and ending in a judgment. Section 2307.01 R. C. By definition, process is an essential part of an action.''

And the court said further that:

''The amount of the prayer is a substantial and an essential element required by statute to be stated in the petition (Section 2309.04 R. C.), the praecipe (Section 2703.02 R. C.), and in the summons served upon the defendant (Section 2703.03 R. C.). The prayer is not a part of the cause of action. *Suburban Mortgage Co.* v. *Hopwood* (2d Dist.), 83 Ohio App., 115.

''Service of process, containing the amount for which judgment is requested, or a waiver of such process by the defendant is necessary to establish the jurisdiction of the court to award

a money judgment. In event of default the statute expressly states that 'judgment shall not be rendered for a larger amount than the amount prayed for and costs.' Section 2703.03 R. C.''

Section 2703.03, Revised Code, at the time this action was commenced, provided in part as follows:

''The summons must be issued * * *. It shall be directed to the sheriff of the county, who shall be commanded therein to notify the defendant that he has been sued, and that he must answer at a time stated therein, or the petition will be taken as true and judgment rendered accordingly. When the action is for the recovery of money only, there must be indorsed on the writ the amount stated in the praecipe, for which, with interest, judgment will be taken if the defendant fails to answer. If the defendant fails to appear, judgment shall not be rendered for a larger amount than the amount prayed for and the costs.''

Thus, the court came to the conclusion that the prayer of a petition could not be amended to increase the amount claimed after the statute of limitations had expired because it would require a new action as defined by Section 2307.01, Revised Code, which provides:

''An action is an ordinary proceeding in a court of justice, involving process, pleadings, and ending in a judgment or decree, by which a party prosecutes another for the redress of a legal wrong, enforcement of a legal right, or the punishment of a public offense.''

The court said that the reason such amendment was a new action was because it involved process (Section 2307.01, Revised Code) and that such amendment called for additional process because the summons issued must set forth the amount claimed (Section 2703.03, Revised Code). In the *Baramore case*, it appears from the opinion that the plaintiff sought to amend only the prayer of his petition to increase the amount claimed. The opinion recites, at page 519, that the plaintiff filed an amended petition which included a prayer for an increased amount. It is not clear from the opinion whether any effort was made in the amended petition to allege any new facts in aid of or to supplement the original cause of action. We do not follow the reasoning of the court, at page 520, to the effect that because *Kleinhans* holds that new service is required if an

increase in the prayer is sought and that since process is involved in the definition of an action by Section 2307.01, Revised Code, plaintiff cannot amend his prayer and obtain service because such action is barred by Section 2305.10, Revised Code. The only action that is barred by that section is the assertion of a *cause of action*. See *Andrianos* v. *Community Traction Co., supra* (155 Ohio St., 47, 51). There is no reason to question the correctness of the language of this court in *Kleinhans* as quoted in *Baramore*. Any statement of law set forth in a case is the law applicable to the facts in that case. It is not the law as to every other case wherein the facts are somewhat similar.

In *Masterson* v. *George F. Alger Co.*, 78 Ohio Law Abs., 89, decided by the Court of Appeals of the Eighth Appellate District, paragraph one of the headnotes reads:

"An amendment of a petition alleging negligent injury of the plaintiff by the defendant made more than two years after the alleged injury, increasing the amount of damages prayed for does not change the cause of action, and such amendment relates back to the time when the action was commenced."

In that case, the plaintiff had filed his original petition within the statute of limitations, seeking judgment in the sum of $25,200. After the statute had run, the plaintiff filed a second amended petition in which the prayer only was changed, seeking judgment for $50,200. Defendant's demurrer to the second amended petition was overruled by the trial court.

In *Louisville & Nashville Rd. Co.* v. *Greene, Admx.*, 113 Ohio St., 546, the court had before it an appeal from a judgment of the Superior Court of Cincinnati involving an action for personal injuries sustained in the state of Kentucky. The applicable statute, Section 10770, General Code (now Section 2125.01, Revised Code), provided that when death is caused by wrongful act or neglect in another state, for which a right of action is given by a statute of that state, such right of action may be enforced in this state, but that the commencement of such action here must be within the time prescribed by the statute of the sister state. The statute of the state of Kentucky giving the plaintiff the right to maintain an action for wrongful death was not pleaded, although the statutes of Kentucky gave the plaintiff the right to maintain the action.

The case proceeded to trial which resulted in a verdict and judgment for the plaintiff. The defendant railroad company then moved for judgment notwithstanding the verdict for the reason that the pleadings did not state a cause of action in favor of the plaintiff. Prior to the disposition of this motion, the plaintiff filed a motion for a new trial because the verdict was contrary to law and for other errors apparent on the record. Prior to the disposition of these motions, the plaintiff sought leave of court to file an amended petition. The trial court then set aside the verdict and granted a new trial for errors of law apparent upon the face of the record, overruled the motion of the defendant for judgment on the pleadings and granted the plaintiff permission to file an amendment to the petition. The amendment to the petition alleged that the right to maintain the action for wrongful death was given by the laws of the state of Kentucky. The railroad company prosecuted error in the Court of Appeals for Hamilton County for the refusal of the trial court to grant its motion for judgment and for sustaining the motion of the plaintiff below, permitting her to amend her petition and granting a new trial. The Court of Appeals affirmed the orders and the judgment of the trial court. The railroad company then appealed to the Supreme Court. That court affirmed the judgment of the lower courts and, at page 551 said:

"The question presented here for decision is whether, under the statutes of Ohio relating to amendments and procedure, the trial court erred in permitting the plaintiff below to amend her petition as stated, and, as a corollary thereto, whether, if the petition were amendable (since it is claimed that under the Kentucky statute of limitations the action must be begun within one year), such amendment could be made after the period of limitation for bringing the action under the Kentucky statute had expired. The answer to the second question rests upon the conclusion of this court whether the amendment to the original petition substituted a new, different, or independent cause of action, and was thus a departure from the action as first brought. For, if no new or distinct cause of action is set forth in the amendment, we think that by the overwhelming weight of authority an amendment to the action may be made after the period of limitation has run, provided the original action was

commenced in due time. In such cases the amendment relates back to the commencement of the action.''

And, at page 562, the court, after quoting Section 11363, General Code (now Section 2309.58, Revised Code), relative to the power of the court to permit amendments to pleadings, said: ''Probably in no state in the Union is there a more liberal or comprehensive grant of power given to the courts to permit amendments 'in furtherance of justice' than in the section quoted.''

There are other cases in which the Supreme Court has sanctioned amendments of pleadings made after the statute of limitations had expired, in the furtherance of justice, as provided in Section 2309.58, Revised Code, and the corresponding sections of the Revised Code and General Code. Some of these cases are set forth in *Hunt* v. *Rohrbaugh Enterprises, Inc.*, 171 Ohio St., 92, 99. Others are set forth in *Cohen* v. *Bucey*, 158 Ohio St., 159. In two of those cases substantial changes in plaintiffs' claims were involved. In *Louisvillle & Nashville Rd. Co.* v. *Greene, Admx., supra* (113 Ohio St., 546, at page 553), the court said that plaintiff's petition was demurrable because it failed to plead a statute of the state of Kentucky. In *Cohen* v. *Bucey, supra* (158 Ohio St., 159), the court sanctioned an amendment of the petition alleging negligent injury of the plaintiff by the defendant by adding thereto allegations calling such injury wilful, wanton, purposeful and intentional. A judgment based thereon is not dischargeable in bankruptcy. In another case, *Kaiser* v. *Industrial Commission*, 136 Ohio St., 440, the court reversed the judgments of the lower courts which denied a claimant the right to amend his application for modification of a previous award in order to secure compensation for subsequently developing disability directly caused by injuries sustained in the original accident (but not described in the original application), because the claim was barred by Section 1465-72*a*, General Code (now Section 4123.84, Revised Code), which provides that claims for compensation for injuries are barred unless application is made to the Industrial Commission within two years after the injury. The evidence disclosed that a gangrenous condition developed in claimant's foot after the two-year period had expired which necessitated the amputation of his toes. The court there noted that in such cases the

Industrial Commission had continuing jurisdiction and that such an amendment differs somewhat from an amendment in a civil action which may be made by leave of court in the furtherance of justice.

It is argued that the plaintiff cannot recover more than he prayed for in his original petition. In the *Central Gas Co. v. Hope Oil Co.*, 113 Ohio St., 354, 362, the court said:

"In no event could the plaintiff recover for more than he prayed in his petition * * *."

But the court then pointed out that there was no pleading or proof to sustain an item of $900 in the general verdict. The statement quoted was not essential to the decision in the case and has only the weight of strong dictum.

In *State, ex rel. Masters, v. Beamer et al., Bd. of Edn. of of Carroll County*, 109 Ohio St., 133, 150, the court said that:

"It is so well established as to require no argument that the prayer of a petition cannot restrict the nature of the relief which the facts authorize."

In that case the prayer of the petition did not seek all the relief to which the relator was entitled under the facts. The court reversed the judgment of the lower court and awarded judgment to the relator for relief not sought in the prayer of his petition. True, this was an equity action, but it would seem that under the Code which abolished procedural distinctions between law and equity, the rule at law would be identical with that governing a cause of action in equity. The Supreme Court of Colorado has adopted this view and in *Pomponio v. Larsen*, 80 Colo., 318, 321, 251 P., 534, the court said that:

"Formal distinctions between actions at law and suits in equity are abolished and only one form of civil action now exists; all the pleader needs to do is to state the facts, and all the facts, constituting his cause of action or defense, where they relate to the same subject matter, and the court will grant relief regardless of the prayer."

In *City of Wauwatosa v. Union Free High School Dist.*, 214 Wis., 35, 252 N. W., 351, the Northwestern Reporter headnote states:

"Judgment for city allegedly in excess of amount demanded in complaint held not to violate statute limiting relief granted to plaintiff, absent answer, to that which is demanded

in complaint, where answer was interposed, and allegations and proof warranted judgment.''

In *Sturm* v. *Consolidated Coal Co.*, 248 Ill., 20, 29, 93 N. E., 345, 348, the Supreme Court of Illinois said that in a personal injury action plaintiff was entitled to prove the value of medical services rendered him and the amount he expended for medicine, subsequent to commencing the suit, in attempting to be cured. See paragraph seven of the syllabus.

In *Wheeler* v. *Hanson*, 161 Mass., 370, 377, 37 N. E., 382, 386, the Supreme Judicial Court of Massachusetts said that ''there can be but one assessment of damages for the cause of action on which this suit is based, and all the damages, those accruing after as well as before the bringing of the action, must be included in it.'' Other cases following this principle are *Neff* v. *Western Cooperative Hatcheries* (C. C. A. 10), 241 F. (2d), 357; *Dicker* v. *Bisno*, 155 Cal. App. (2d), 554, 318 P. (2d), 159; *Anderson* v. *Cummings,* 81 Idaho, 327, 340 P. (2d), 1111; *Farmer* v. *Arabian American Oil Co.* (C. C. A. 2), 285 F. (2d), 720.

In the case before us the facts are entirely different from the facts in *Baramore* and *Kleinhans.* The plaintiff, in seeking permission of the court to file a supplemental petition under favor of Section 2309.63, Revised Code, seeks to plead facts relating to and in aid of the cause of action set forth in his original petition.

In *Vasu* v. *Kohlers, Inc.*, 145 Ohio St., 321, a cause of action is defined as follows:

''A cause of action based upon negligence arises where there exists such an aggregation of investitive and operative facts as, under the substantive law, clothes the plaintiff with a specific primary right and the defendant with a corresponding duty as to such right, and a delict or wrong on the part of the defendant violating the duty and interfering with the right which results in consequential damages to the plaintiff.''

Thus, ''damages'' must be included in any consideration of ''*action*'' as used in Section 2305.10, Revised Code, ''cause of action'' as defined above and, possibly, ''claim'' as used in Section 2309.58, Revised Code. The word, ''claim,'' is used there along with the word, ''defense,'' and would appear to refer to the *nature* of the ''claim'' rather than the *amount.*

It is our opinion that the words, "action," "cause of action," as defined above, and, possibly, "claim" refer to the identity of the circumstances which give rise to plaintiff's right to recover damages. The existence of damage must appear. See, also, 1 Ohio Jurisprudence (2d), 287, Actions, Section 23; *State, ex rel. Wilson, v. Preston, Dir.*, 173 Ohio St., 203.

In *Lockland Lumber Co. v. Robinson*, 116 Ohio St., 725, the court held that a petition on open account may be amended under Section 11363, General Code (now Section 2309.58, Revised Code), by setting up a mechanic's lien. The court said, that:

"Section 11363, General Code, authorizes amendments to be made in pleadings in various respects, including inserting additional allegations material to the case. The test to be applied is whether the amendment substitutes or adds a wholly different cause of action. It is to be observed that in this instance no new claim or obligation is asserted. There is only one claim or obligation and that consists of the account for building material furnished. The amendment only asserts the perfection of a mechanic's lien covering the account, and, in addition to a personal judgment, asks for the foreclosure of such lien."

We note that in 43 Ohio Jurisprudence (2d), 335, Pleadings, Section 318, discussing amendments under Section 2309.58, Revised Code, the section is headed by these words: "Changing *nature* of claim or defense—Introducing new issue; generally." In Section 319, *ibid.*, it is said that in negligence cases an amendment to the petition does not cause it to state a new and different cause of action where the allegations as to additional items of suffering, medical expenses, etc., are added. The text cites *Cincinnati Traction Co. v. Smith*, 14 Ohio App., 389, motion to certify overruled. That case has not been overruled. We note also that a recent amendment to Section 2703.03, Revised Code, effective October 14, 1963, relating to the requisites of summons, requires the summons to notify the party that he has been sued and the *nature* of the relief sought.

In *Sherman v. Air Reduction Sales Co.*, 84 Ohio Law Abs., 604, the United States Court of Appeals for the Sixth Circuit was considering a negligence action in which it had been claimed that the plaintiff had not brought his action within the time required by the statute of limitations, Section 2305.10, Revised

Code. Plaintiff had filed his action within the time required by the statute of limitations, alleging that he was injured on July 29, 1952, by the sudden release and ignition of acetylene gas from a cylinder supplied to his employer by the defendant. The petition alleged that his injuries had been caused by the defendant's negligence in delivering an acetylene cylinder with defective threads on the tank valve, which ordinary care would have discovered. The court, on its own motion, later dismissed the action for want of prosecution. Ten months later, on October 26, 1956, after the statute of limitations had run, the plaintiff brought a new action again seeking damages for the injuries he had received on July 29, 1952, alleging that his injuries had been caused by the defendant's negligence. There were seven specifications of negligence. One was the same as in the previous action. Others alleged failure to warn of fusible plugs, failure to warn of the danger of placing the cylinders in a horizontal position and failure to provide a handle to close the cylinder valve. These latter specifications of negligence were not contained in the previous petition. The court said, at page 607:

"The new action, like the first, was to recover damages for injuries sustained by the appellant on July 29, 1952, and caused by the appellee's negligence in connection with the acetylene cylinder which it supplied. The appellee was apprised of the claim within two years after the injuries were received, and apprised that the claim had been renewed within a year after the original action had been dismissed without prejudice."

The court reversed the order of the District Court determining that the action was barred by the lapse of time.

The supplemental petition tendered to the court by the plaintiff in the instant case does not seek to change his cause of action or the *nature* of his claim. The nature of plaintiff's claim is still the same as in his original petition, a claim for damages because of defendant's violation of a duty which interfered with a right of plaintiff and damaged him. Surely, it cannot be said that an increase in the demand for damages would be the assertion of a new cause of action or a change in the nature of his claim. It is alleged that the increased damages have resulted from the same negligent act of defendant set forth in the original petition. The reasoning of the court in *Rush*

v. *City of Maple Heights,* 167 Ohio St., 221, 231, supports our conclusion. There, the court held that where a person suffers both personal injuries and property damage as a result of the same wrongful act, only a single cause of action arises, the different injuries occasioned thereby being separate items of damage from such act.

If the word, "claim," as used in Section 2309.58, Revised Code, can be said to refer to the *amount* of the "claim" rather than the *nature* of the "claim," and we do not believe it does because it is associated there with the word, "defense," it must be remembered that plaintiff is not seeking, during trial, a substantial change or increase *by conforming the pleading or proceeding to the facts proved* as might be done under this section. Plaintiff here seeks to increase his prayer for damages *before trial,* after the defendant *has answered* and *after the statute of limitations has run.* There would have been no point in enacting Section 2309.63, Revised Code, if a plaintiff could not plead and recover additional general and special damages. The latter must be pleaded or no recovery can be had. It seems to us that this section should be given the same liberal construction as the Supreme Court has given the statute relating to the amendment of pleadings. Section 2309.63, Revised Code, relating to supplemental pleadings, is a remedial statute and such statutes are required by Section 1.11, Revised Code, to be liberally construed in order to promote their object and assist the parties in obtaining justice. The facts here do not warrant the conclusion that the right sought to be asserted is a new cause of action barred by the statute of limitations. The facts alleged in the supplemental petition relate back to the time when the action was commenced. The action was commenced within the meaning of Sections 2305.03 to 2305.22, inclusive, Revised Code, as to defendant here at the date when summons was served on him within the statute of limitations. The court thus acquired jurisdiction over the subject matter of the action (the cause of action) and of the parties thereto. The court, having acquired jurisdiction, has jurisdiction to render judgment on all the issues raised by the pleadings. Section 2703.03, Revised Code, provides that judgment by default shall not be rendered for a larger amount than prayed for. No default judgment is sought here. The defendant has filed an answer

and is contesting the entire action, as well as resisting the plaintiff's application for leave to file a supplemental petition. Defendant thus has had notice of the claim of plaintiff for additional damages and of the assertion of facts material to the case which occurred since the filing of the former petition upon which the claim for additional damage is based. It appears that the plaintiff notified the defendant of the filing of the application to file the supplemental petition by mailing a copy thereof to his counsel. Apparently the court did not require any notice of the application as it could have been done under the provisions of Section 2309.63, Revised Code. Defendant has waived any requirement of further notice by appearing and resisting the application. The plaintiff apparently was prepared to have summons issued on the supplemental petition and served upon the defendant apprising him of the additional matter set forth and of an additional claim for damages.

It is argued that two years is long enough for a plaintiff to ascertain his damages. The answer to this argument lies partly in the field of medicine. Apparently, it was not long enough in the Industrial Commission case (*Kaiser* v. *Industrial Commission, supra*) we have cited, because there a man developed gangrene and lost his toes after two years following his injury. It is true that in most instances the damage would be ascertainable within that time, but the Ohio Constitution, Section 16, Article I, guarantees *every* man redress for wrongs done him. It is likewise true that in most cases no increase in the amount set forth in the prayer would be necessary because as a matter of practice most plaintiffs ask for a lot more than they expect to get. Even if there is but *one* who seeks only what he honestly believes his damage to be, and what he expects to get, he must be accorded justice as the facts warrant. It has been said that perfect justice is an attribute of divine nature. In the Book of St. Luke, Chapter 15, Verse 4, we find this—"What man of you, having an hundred sheep, if he lose one of them, doth not leave the ninety and nine in the wilderness, and go after that which is lost, until he find it?" Is the modest pleader who seeks in his petition only what damage he has then sustained to be lost where subsequent events have increased his damage? We do not think so. The Legislature went out to "look" for this *one* and enacted Sections

2309.58 and 2309.63, Revised Code. There, the courts must find a legal right which permits him to supplement his pleading and pray for an increased amount of damages.

It is our conclusion that the plaintiff is entitled to file his supplemental petition in the trial court as provided in Section 2309.63, Revised Code, alleging facts material to his cause of action which occurred after the filing of his original petition, and is entitled to *pray therein for judgment* for the increased damage pleaded therein, even though it was tendered after the statute of limitation had run. We find no statute or case law which requires the service of summons on a supplemental petition under the facts shown here. We believe that such service of summons is not necessary. The court, upon application of plaintiff, could amend the prayer of the original petition to increase the amount of damages sought under its broad discretionary power to amend pleadings, process and *proceedings* under Section 2309.58, Revised Code. If we are in error on that point and service of summons thereon containing a statement of the increased amount for which judgment is requested is necessary by reason of Section 2703.03, Revised Code, such service of summons does not operate to bar recovery of the additional damages sought, by reason of the statute of limitations. That statute bars only the assertion of a *cause of action*. The facts asserted in the supplemental petition relate back to the time when the action was commenced. The court, having acquired jurisdiction of the *cause of action* and of the defendant at that time, has jurisdiction to render judgment for all the damages sought in both the original petition and supplemental petition because there is but one cause of action asserted.

It is to be noted that most of the cases we have cited involved the power of the court as to *amendments* of pleadings under authority of Section 2309.58, Revised Code, and its predecessor sections of the Revised Code and General Code after the statute of limitations has run and after answer has been filed. This section provides that the court *may amend* any pleading, etc., and involves a question of discretion, although a plaintiff may amend his petition before answer without leave. Section 2309.55, Revised Code. Section 2309.63, Revised Code, pro-

vides that, on such terms as to costs as the court prescribes, *either party* may file a supplemental petition, answer or reply. No question of discretion is involved here, except as to costs and notice of the application, because there is no change in the cause of action and no change in the *nature* of the relief sought.

Defendant contends that the order of the Common Pleas Court is not a final order as defined by Section 2505.02, Revised Code, which, in pertinent part, is as follows:

"An order affecting a substantial right in an action which in effect determines the action and prevents a judgment * * *."

If plaintiff is entitled to file such supplemental petition after the statute of limitations has run, the order here prevents him from asserting facts which, if proved, would entitle him to a judgment for additional damages. The right denied is a *legal right conferred by statute* and is a substanial right. Its denial, *in effect*, determines one phase of the cause of action (damages) and prevents a judgment for such additional claimed damages.

The general rule is that there is no final order from which an appeal can be taken in cases where the court sustains or overrules motions or demurrers directed to pleadings without dismissing the action because such orders leave the case pending. 2 Ohio Jurisprudence (2d), 618, Section 47; 2 Ohio Jurisprudence (2d), 614, Sections 44 and 45.

Here, the plaintiff seeks to file a supplemental petition under Section 2309.63, Revised Code, pleading facts material to the case which occurred after the filing of the former petition. He seeks to plead additional special damages. He *must* plead such special damages or no recovery can be had for them. The effect of the refusal of the trial court to permit such filing is exactly the same as if the court had permitted it to be filed and had then dismissed it on motion when its attention had been called to *Baramore, supra,* and other cases following the same reasoning, such as *Abrams* v. *Clark,* 76 Ohio Law Abs., 49, and *Myers* v. *Wilson,* 83 Ohio Law Abs., 295.

To be sure, plaintiff could abide by the court's rule, have his case tried as to a portion of his damage and, upon final judgment on all the issues in the case, appeal. But this would be an exercise in futility because he could not possibly recover all

his damage in such trial. We are aware of the policy of the law against separate reviews but it has been said, too, that the law does not require the doing of a vain thing.

There are cases in which orders of the court on motions and demurrers have been held final and appealable because, *in effect*, they determined the action and prevented a judgment. The case of *Czech Catholic Union* v. *East End Bldg. & Loan Assn.*, 140 Ohio St., 465, was an action brought by a creditor-depositor to enforce superadded liability against the shareholders of the loan association. After the commencement of the action, the Superintendent of Building and Loan Associations found the association to be in an unsafe and unsound financial condition and took charge of it for the purpose of liquidation. Thereupon, the superintendent filed an application in the action to be substituted as one of the parties defendant, which application was granted. A demurrer was interposed by the superintendent to the amended and supplemental petitions and a motion was made that such petitions be stricken from the files. Both the demurrer and motion were overruled by the trial court, whereupon an appeal was taken.

Judge Zimmerman, in the course of his opinion in that case, said, at page 469:

"While the general rule is that an order overruling a general demurrer is not a final order permitting appeal, a majority of the court is of the opinion that the order in controversy here did constitute a final order, because in effect it determined that the superintendent, after taking possession of the building and loan association for liquidation under the statutes, was precluded from enforcing the superadded liability against the stockholders. Such order therefore affected 'a substantial right' within the purview of Section 12223-2, General Code [Section 2505.02, Revised Code]. In fact, the order amounted to an absolute declaration that the superintendent lacked the authority to maintain an action for the superadded liability as a part of the liquidating process, thereby denying him finally the exercise of that function."

In *Schindler* v. *Standard Oil Co.*, 165 Ohio St., 76, the court considered a case in which an appeal was taken from an order of the Common Pleas Court sustaining demurrers to a petition on the ground of misjoinder of parties defendant and mis-

joinder of causes of action. The court, at page 80, quoted from the opinion of Judge Zimmerman, as set forth above, and said that:

"Under somewhat similar situations in other jurisdictions, where an order of the court affects a substantial right and in effect terminates the action as brought, the courts have held such an order final and appealable. For example, in the case of *Peck* v. *Horst*, 173 Kan., 498, 249 P. (2d), 653, an action to cancel a written voting trust and management agreement made between the parties, a ruling sustaining the defendant's special demurrer to and motion to strike all the allegations of duress in plaintiff's third ground for relief was held reviewable before final judgment, since the ruling affected a substantial right and would in effect determine the action. See, also, *Gebhardt* v. *McQuillen*, 230 Iowa, 181, 297 N. W., 301.

"In the instant case, the plaintiffs, through the sustaining of the demurrers to their amended petition, have been deprived of a claimed right to a joint and several judgment upon a state of facts which can not be changed by amendment of the amended petition. So long as the judgment on the demurrers stands, their rights as claimed to a joint and several judgment on facts set out in the amended petition are permanently denied. Where, upon sustaining a general demurrer to a petition, there remain the right and opportunity to amend that petition, the judgment sought is not prevented and there is no final order, but, where the order sustaining the demurrer prevents the judgment, there is a final appealable order."

It has been held that an order of the trial court granting a new trial is not a final appealable order, *in the absence of an abuse of discretion*. If an abuse of discretion is claimed and demonstrated such order is final and appealable. In *Chandler & Taylor Co.* v. *Southern Pacific Co.*, 104 Ohio St., 188, it was held that an order vacating a default judgment upon motion of the defendant, filed at the same term, but more than three days after its rendition, is not a final determination of the rights of the parties and is not reviewable unless the court abuses its discretion in making it. *Green* v. *Acacia Mutual Life Ins. Co.*, 156 Ohio St., 1, 5, 6.

In *Lewis* v. *Hickok*, 149 Ohio St., 253, two causes of action were asserted. In one, an accounting was prayed for. In the

other, breach of contract was claimed. The court held that:

"Where a motion to certify the record is allowed in a case in which an accounting has been ordered prior to final judgment, this court will pass only upon (1) errors assigned respecting the propriety of the order granting the accounting and (2) the jurisdiction of the court over either or both the subject matter and the parties."

In *Forest City Investment Co.* v. *Haas,* 110 Ohio St., 188, the petition charged mismanagement of the affairs of an investment company and sought an accounting and appointment of a receiver. The court held that:

"An order appointing a receiver is an order affecting a substantial right made in a special proceeding and is a 'final order' within the meaning of Section 12258, General Code."

The court said, at page 191:

"Those who urge an opposite view, who argue that the appointment and discharge of receivers are not reviewable orders, base their argument upon the fact that when a case is reviewed, either by error or appeal, it should not be reviewed piecemeal, but that the entire case should be heard on review, thus avoiding a multiplicity of hearings; that the losing party may at any time submit to a *pro forma* judgment and thus have his case taken to the appellate court in its entirety. We think this latter insistence imposes too great a burden upon the losing litigant. Should he desire to proceed in error, he must forego his right to present a case upon issues joined at the time the appointment was made."

And, at page 192, the court said that:

"The appointment or nonappointment of a receiver would make ineffectual a judgment thereafter obtained in the main action * * *."

In *Baramore, supra,* upon which the trial court here relied, it was held that the trial court lacked jurisdiction to render judgment for an increased amount after the statute of limitations had expired because service of summons was required and because summons is required to contain a statement of the amount for which judgment would be taken.

There are numerous cases from other states in which orders denying or assuming jurisdiction have been held to be final appealable orders. Those cases may be found in 1 Sixth De-

cennial Digest, 1499, Appeal and Error, key number 94. Some of such cases are *Curran* v. *Nash*, 224 Minn., 571, 29 N. W. (2d), 436, 174 A. L. R., 411; *Fortenberry* v. *Wilkerson*, 222 Miss., 70, 75 So. (2d), 274; *Fischer* v. *Township of Bedminster*, 5 N. J., 534, 76 A (2d), 673; *Muller* v. *Reagh*, 150 Cal. App. (2d), 99, 309 P. (2d), 826.

It is our conclusion that the order of the trial court denying plaintiff the right to file his supplemental petition alleging facts he is permitted to plead by Section 2309.63, Revised Code, and which he is required to plead in order to support a recovery, because of an erroneous notion that the court lacked jurisdiction to render judgment for an increased amount of damages, denies plaintiff a substantial right. *In effect*, such order determines a substantial portion of plaintiff's cause of action and prevents a judgment thereon. It follows that such order is a final appealable order within the meaning of Section 2505.02, Revised Code.

In the case before us, as in *Forest City Investment Co.* v. *Haas, supra*, a judgment rendered in favor of the plaintiff on his original petition would be ineffectual and would require him to bear the burden of two expensive trials. Reason does not support such a requirement. *Prosen* v. *Duffy*, 152 Ohio St., 139, holds that a statute should be given that construction, unless such is prohibited by the letter of the statute, which will accord with common sense and reason and not result in absurdity or great inconvenience.

The facts alleged in plaintiff's supplemental petition here relate to the cause of action set forth in the original petition and are in aid of one aspect thereof, damages, thus fulfilling the purpose of a supplemental petition as outlined in *State, ex rel. Dickman, a Taxpayer*, v. *Defenbacher, Dir., supra*.

The trial court erred to the prejudice of the plaintiff in entering the final order overruling his application for leave to file a supplemental petition and such order is reversed and the cause is remanded to the trial court for further proceedings according to law.

*Judgment reversed.*

KERNS, P. J., and CRAWFORD, J., concur.