[Cite as Nazem v. Maslowski, 20 Ohio App. 2d 208.]

(No. 10858—Decided August 11, 1969.)

*Messrs. Brumleve, DeCamp & Wood* and *Mr. Albert T. Brown, Jr.,* for appellants.
*Messrs. McIntosh & McIntosh,* for appellees.

SHANNON, P. J. This is an appeal on questions of law from the Hamilton County Municipal Court from an order overruling a motion for leave to file a supplemental petition.

The petition in the case at bar, setting forth a claim for property damage arising from an automobile accident which occurred February 27, 1967, was filed February 23, 1968. To correct an error in computation of the claim, an amended petition was filed five days later, that is, on February 28, 1968.

An answer and cross-petition setting forth defendants' claim for property damage was filed March 15, 1968, and a reply to the answer and an answer to the cross-petition were promptly made.

After a number of continuances, the matter was set for trial on March 26, 1969. However, on February 27, 1969, a second amended petition was filed, which set forth a claim for personal injuries and increased the prayer for damages. Defendant-cross-petitioner then moved the court to advance the trial date for the reason that his removal from the jurisdiction was imminent.

Before such motion was heard, plaintiff Fred Nazem, appellant here, moved for "leave to file amended petition, nunc pro tunc" and for leave to file his supplemental petition.

On March 20, 1969, the motion for leave to file the second amended petition "nunc pro tunc" and the motion to advance the date for trial were argued together, and the motion for leave to file was overruled and the matter was set for trial on March 26, 1969, on the amended petition, the answer and cross-petition.

On the same day, that is, March 20, 1969, plaintiff Nazem filed his supplemental petition alleging and detailing certain personal injuries and augmenting his prayer.

On the following day, that is, March 21, 1969, the court heard and overruled plaintiff's motion for leave to file the supplemental petition. It is from this order that the instant appeal is taken.

Because at this juncture no useful purpose would be served, we refrain from comment upon the antics of counsel who would request leave to do what he had already done. Instead, we address ourselves to the task of unraveling the tangled skein thus created.

Upon the rationale set forth in *House* v. *Moomaw,* 120 Ohio App. 23, which we adopt for our purposes here, plaintiff had a right to file his supplemental petition alleging facts material to the case which, so far as the record before us discloses, occurred after the filing of his original and amended petitions, after the statute of limitations had run, after answer and cross-petition was filed and before trial.

Viewed in the light of such decision on the part of this court it is clear that the motion for leave and the hearing thereon were superfluities.

Therefore, the order of the court below overruling the motion for leave to file the supplemental petition is set aside and is to be held for naught. This cause is remanded for further proceedings upon the pleadings and according to law.

*Judgment accordingly.*

HILDEBRANT and HESS, JJ., concur.