THOMAS COLVIN v. ELIJAH CARTER.

When A. obtains credit from B., upon an agreement to pay and take up certain notes made by B. and indorsed by C., as they become due, and fails to do so, B. may recover the amount due, and A. can not set up his liability as an offset.

CARTER brought an action of assumpsit, in the court below, against Colvin, and declared upon the common counts, for goods sold and delivered, and upon a special contract. Colvin pleaded the general issue, with notice of offset.

On the trial, Carter produced and proved a written agreement, dated June 16, 1828, signed by Colvin, in which Colvin, in consideration of a bill of merchandise, that day *purchased of Car- [355 ter, amounting to one thousand seven hundred and thirty-two dollars and ninety-eight cents, agreed to pay for Carter certain notes of hand, to the amount of one thousand seven hundred and five dollars and fifteen cents, signed by Carter, and payable to and indorsed by Colvin, as they might severally fall due, and also to re·

lease Carter from all liability on said notes; which notes were then held by several individuals, and had all become due before the commencement of the present suit.

The plaintiff also proved an account for other goods, to the amount of ninety dollars and eighty-five cents, and there rested his case, without proving that he had paid any part of the notes mentioned in said agreement.

The defendant then proved that he had paid a part of the notes, amounting to four hundred and fifty-five dollars and fifteen cents; and that another part had been sued, and judgments rendered both against Carter and Colvin, and upon which both were liable; and that the residue of the notes were unpaid, and upon which both Carter and Colvin were liable.

The defendant also proved that *previous* to the execution of said agreement, he had paid to several persons the sum of two hundred and fifty dollars, in satisfaction of debts due by Carter, and for the payment of which Colvin was liable, as security.

Upon this state of facts, the defendant moved the court to instruct the jury that Carter was entitled only to nominal damages, under the agreement, unless he proved that he had paid the notes, or that Colvin was released from all liability thereon; but the court refused this instruction, and charged the jury that Carter was entitled to recover the full amount of the consideration of said agreement, deducting the amount of the notes paid by Colvin, notwithstanding Colvin might be liable upon the notes unpaid.

The court also instructed the jury, at the request of Carter, that the agreement in relation to the notes was presumptive evidence of a settlement of all previous accounts between the parties, but was not conclusive, and the jury must judge, from all the circumstances attending the transaction, whether the two hundred and fifty dollars paid by Colvin previous to the agreement had been refunded by Carter.

**356]**    *To these opinions of the court, the defendant, Colvin, excepted. The jury returned a verdict of one thousand four hundred and nine dollars and eighty-nine cents in favor of Carter, and judgment having been rendered thereon, Colvin prosecuted his writ of error.

STORER and FOX, for plaintiff in error.

CASWELL and STAR, contra.

Colvin *v.* Carter.

Opinion of the court, by Judge Collet :

It is contended for Colvin that the opinions of the court of common pleas, contained in the bill of exceptions, are erroneous. It is the opinion of this court that the court of common pleas did not err, when it refused to instruct the jury that Carter was entitled to nominal damages only. The goods were sold by Carter to Colvin, on a limited credit, limited to the time that the notes of Carter became due, which Colvin had agreed to pay. The clause in the agreement, that Colvin should release Carter from all liability on the notes, does not extend the time of payment beyond the times when the notes became due, or authorize Colvin to retain the money, the price of the goods, after the notes became due.

When an indorser pays to the holder the amount due from the maker of a promissory note, the maker is still liable on the notes to the indorser. This was the reason of this agreement of Colvin to release Carter. It was an agreement that as he paid and took back the notes of Carter, that he would cancel them. It did not extend the times of the payments before fixed, but was limited by those times.

Colvin, by the contract, was authorized to retain the price of the goods until the notes of Carter, which he had indorsed, became due, and then to pay for the goods by discharging the notes, and thereby to prevent himself from being made liable, as indorser, but he was not authorized to retain the price of the goods for so long a period.

The indorser of a note due and unpaid can not offset the amount due on the note against a claim of the maker, or *success- [**357**] fully urge it as a defense against a suit brought by the maker.

The violation of this contract left in the hands of various persons several notes of Carter, due and unpaid, by which his credit would be injured, and he would be liable to several suits. As Carter had reason, more than in ordinary cases, to be desirous that Colvin should punctually perform his contract, so he had greater reason than in ordinary cases, to rely on Colvin's punctuality in the performance of it, as when he paid his debt to Carter, according to his contract, he would at the same time have discharged his own liability to the holders of Carter's notes. It would seem that Carter was entitled to increased, rather than nominal damages. As to the opinion of the court of common pleas, as expressed in their charge

to the jury, in relation to the offset of Colvin, the charge must all be taken together, and in the sense in which the jury would understand it. It would then apply only to the two hundred and fifty dollars, this being the only claim offered in evidence as having existed prior in date to the written contract. When so taken, it is that the agreement was presumptive evidence, but not conclusive of the settlement of the two hundred and fifty dollars; and that the jury, in determining whether Carter had paid the hundred and fifty dollars to Colvin, would take the making of the agreement, and all the circumstances attending the transaction, into consideration.

When Carter was selling to Colvin, on credit, more than one thousand seven hundred dollars worth of goods, and authorizing him to pay nearly the whole of the price of the goods, in discharge of the notes of Carter which were not then due, and on which Colvin was indorser, it does seem reasonable to conclude that Colvin would have remembered and mentioned to Carter, that Carter then owed him two hundred and fifty dollars for payments he had before made, on the notes of Carter, which he had indorsed, and that it would then have been paid by Carter, Why should it not have been done? It would have been better for Colvin, at once, to have had the credit, and as well for Carter. Carter's obligation to pay as soon as he knew of it was great. His friend had had to advance 358] his money for him. The presumption *of payment is not as great as that the first quarter's rent is paid, from the landlord's receipt for the second quarter's rent; but it is such as would have weight with any sensible man who had to determine whether the two hundred and fifty dollars had, or had not been paid, and ought therefore to go to the jury as presumptive evidence.

The court do not presume there is error in this charge. The judgment must, therefore, be affirmed with costs.