No. 606

ALLIANCE INSURANCE CO. v. PORRIS

Ohio Appeals, 8th Dist., Cuyahoga County
No. 4936. Decided March 10, 1024

923. PLEADINGS—A pleading can be amended as to amount claimed, where defendant is in court and not in default of answer.

647. INSURANCE—No breach of warranty held in policy to exist under facts of case— Evidence sufficient to sustain proof if loss.

SULLIVAN, J.

Epitomized Opinion
Published Only in Ohio Law Abstract

This was an action to recover fire insurance for the loss of three automobiles, two of which were Packards and the other was a White. These machines were totally destroyed in a garage in 1921. The policies were issued in January, 1921, and the fire occurred on April 15, 1921. An answer was filed to the petition denying the performance of the conditions named in the policy, asserting breaches of warranty by the plaintiff in respect to the model of the cars, the dates of their purchase and the purchase price thereof as well as the place where the cars were stored. The Company also asserted the absence of service of proof of loss.

A reply was filed by plaintiff setting up that the agent of the Company placed in the policy the date of purchase, the price paid and the descriptions of the mahcines without the knowledge or consent of plaintiff and specifically asserted the giving of notice. During the trial an amended petition increasing the amount sued for was filed and allowed by the court. The evidence disclosed a conflict as to the warranties in question, but it appeared in evidence that the Insurance Company had a certain blue book in its possession bearing upon the market value of automobiles which contains the factory number, motive power, list price and date of purchase.

The evidence was also in conflict as to proof of loss, but the defendant offered in evidence the plaintiff's signed statement which, although not sworn to, was made immediately after the fire and which the plaintiff claimed he made in one of the offices of the defendant Company. A verdict was rendered for the plaintiff, whereupon defendant prosecuted error. In sustaining the judgment of the lower court, The Court of Appeals held.

1. 11281 GC. provides that the court is not empowered to cause an amendment after service, refers to judgments by default and not to a situation where, after service and the making up of issues, the court during trial, while both parties are in court, allows an amendment for the purpose of increasing the amount sued upon, especially where the increase is in the nature of interest.

2. There was no breach of warranty, as there was creditable evidence of sufficient probative force to sustain a verdict in behalf of plaintiff on the ground that the plaintiff was in no manner directly or indirectly a party to the information given in the Exhibits.

3. There is creditable evidence to show that proof of loss was made out by the Insurance Company and signed by plaintiff.

Attorneys—Davis, Young & Vrooman, for Insurance Co.; Doerfler & Kornhauser, for Porris; all of Cleveland.

## COMMON PLEAS
No. 607

HENNEGAN v. NUNNER

Common Pleas, Hamilton County
No. 190572. July 18, 1924

1002. RECEIVERS—Receiver will not be appointed for a company, holding itself forth as a corporation, merely because it has not complied with statutory requirements for forming a corporation.

DIXON, J. Epitomized Opinion

Action for dissolution of partnership and appointment of receiver wherein Edward K. Hennegan was plaintiff and Geo. Nunner et al were defendants. Plaintiff and defendants were all subscribers to the capital stock of a proposed corporation, the United Metal Stamping and Radio Co. After several preliminary steps to incorporate were taken, the business was conducted in a corporate character, but the statutory requirement that when 10 per cent of the capital stock is subscribed, the subscribers shall so certify to the Secretary of State was not complied with, and no officers or directors were chosen. This action was based on the theory that since the statutory requirements were not complied with, no corporation came into existence and that the status of the company was that of a copartnership. On the motion for a receiver, the Common Pleas held:

Plaintiff and defendant never intended to enter into a partnership, but did in good faith undertake to organize a corporation and for several months held themselves forth as a corporation. Since there are no financial difficulties, to take the business out of defendants' hands merely because certain statutory provisions in the formation of corporation were not followed, would be an unnecessary hardship. Motion overruled.

Attorneys—Paul V. Connolly, for Hennegan; Henry W. Merland, for Nunner; all of Cincinnati.