**ABRAMS, Plaintiff, v. CLARK, Defendant.**

Common Pleas Court, Franklin County.

No. 191072. Decided February 6, 1957.

Joseph J. VanHeyde, Joseph F. Carr, for plaintiff.
Hamilton & Kramer, for defendant.

For further history see **Omnibus** Index in bound volume.

## OPINION

By BARTLETT, J.

MOTION OF PLAINTIFF FOR LEAVE TO FILE AN AMENDED PETITION OVERRULED IN PART AND SUSTAINED IN PART.

Motion by plaintiff for leave to file an amended petition by amendments as follows:

I. By adding the words, "due to his intoxicated state at the time," on to specification of negligence No. 2 of the petition, which avers:

"(2) in failing to have the automobile he was driving under control."

Leave to so amend is denied. Specification No. 2 in its present form is sufficient. Harris v. Webb, 22 N. P. (n. s.) 359, 360; Ballenger v. Sheward et al., No. 169,803, and Berry v. Jackson, No. 183,511, Dockets of this court. The words sought to be added are evidential as such and should not be pleaded. Plaintiff does not seek to add a new specification of negligence based upon the words sought to be added.

II. By changing the averment of special medical damages from $50.00 to $466.00. Leave to so amend granted. Such change not essential, but not prejudicial. The present recital in the petition sufficiently apprises defendant that medical bills are to be claimed and thus prevents surprise at the trial which is the sole purpose of the rule that such special damages of medical bills, etc., must be pleaded. The courts hold that the jury may give damages for medical services still to be rendered. Toledo Elect. St. Ry. Co. v. Tucker, 13 O. C. C. 411; Cincinnati Traction Co. v. Smith, 14 Oh Ap 389, 392; 13 O. Jur. Damages, pp. 260-268; 25 C. J. S. Sec. 139, damages, p. 777.

III. Leave to amend prayer of petition from $5050.00 to $10,466.00, granted.

"A mere change in the amount sought to be recovered to correct a mistake in the original petition does not constitute departure." Holland Furnace Co. v. Stevenson, 9 Abs 48 (Court of Appeals of Mahoning County); Alliance Ins. Co. v. Porris, 2 Abs 589; 34 Am. Jur. Limitation of Actions, Sec. 265, p. 218; 54 C. J. S. Limitations of Actions, Sec. 282, p. 340; 17 West's Ohio Digest, Limitation of Actions, Sec. 127 (2), p 233.

IV. Leave to amend endorsement on the summons, by increasing the amount claimed, to accord with the amendment of prayer of petition, is denied.

"Courts have inherent power to amend process as to formal defects and clerical errors, but cannot, without statutory authority, amend process in substantial particulars." 32 O. Jur., Process, Sec. 112, p. 513, citing 21 Ruling Case Law, Process; To same effect, 42 Am. Jur., Process, Sec. 20, p. 21.

"A writ may be amended by * * * increasing the amount of damages asked for." 72 C. J. S., Process, p. 1179, citing only Laxton v. Hay, 211 Mass. 463.

"1. Where a court exceeds its jurisdiction by rendering judgment for an amount greater than that endorsed on the summons, the error

can not be cured by a remittitur." (Emphasis ours.) American Audit Co. v. Miller, 11 O. C. C. (N. S.) 368;

"1. A judgment for a sum greater than the amount due upon the cause of action as stated in the record is erroneous; and the previous consent of the parties that such judgment might be rendered does not cure the error." Rosebrough v. Ansley et al, 35 Oh St 107.

"2. Where the jurisdiction of the person is dependent upon the language of a pleading, the pleading will be construed strictly and its scope will not be extended beyond its clear expression." (Emphasis ours.) Ohio Electric Ry. Co. v. U. S. Express Co., 105 Oh St 331.

"3. Where time is of the essence of an act, court cannot by amendment avoid effect of statute prescribing time limit." Mullins et al. v. Webb et al, 25 Oh Ap 352.

On page 355 of his opinion in the foregoing case, Mauck, J., in referring to §11363 GC giving the court power to amend process, says:

"There is, however, of necessity, some limit to the power."

- - - -

"In the opinion of the Court, an amended petition increasing the prayer requires a new summons before the amended petition can be considered as an effective superseding of the original petition." Harter, J, in case of Andrew v. Stark Trucking Co., No. 186,946, dockets of this court, wherein Harter, J., sustained a demurrer to the amended petition, based on the statute of limitations.

"At the end of plaintiff's case, plaintiff asked leave to amend his petition by increasing the amount claimed. An amendment of this nature could not be made without new service being had and a continuance granted. The amendment was properly denied." Wiseman, J., in his opinion for the court, Kleinhaus v. American Gauge Co. et al, 83 Oh Ap 453, 456.

In view of the authorities herein cited, the Court is constrained to and does deny leave to amend the endorsement on the summons, by increasing the amount claimed.