**MASTERSON, Plaintiff-Appellee, v. GEORGE F. ALGER COMPANY, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24102.    Decided June 25, 1957.

George J. McMonagle, for plaintiff-appellee.
Wm. M. Byrnes, Wm. A. Kane, for defendant-appellant.

(HUNSICKER, PJ, DOYLE and STEVENS, JJ, of the Ninth District, sitting by designation in the Eighth District.)

## OPINION

By HUNSICKER, PJ.

This is an appeal on questions of law from a judgment entered on the verdict of a jury in a tort action brought in the Common Pleas Court of Cuyahoga County, Ohio.

Richard M. Masterson, the appellee, herein called Masterson, filed an action against The George F. Alger Company, the appellant, herein called Alger, saying that:

Shortly after midnight on Thursday, November 6, 1952, one Donald M. Clemensen, an employee of Alger, who was then acting within the scope of his employment, ran his tractor and trailer motor vehicle into the rear of the Masterson automobile, causing extensive damage to the vehicle and severe personal injury to Mr. Masterson.

Masterson testified that he and his wife had visited with friends, when, late in the evening, and after having three whiskies and sodas, he and his friend, a Mr. Bockmiller, left the Bockmiller home to buy something to eat; that while stopped at a barricade that closed the north half of Lorain Avenue he was run into by the motor vehicle driven by Clemensen.

The truck driver, Clemensen, admitted that he ran into Masterson, who, he said, had been driving, "erratically," west on Lorain Avenue, weaving back and forth; when, at the barricade, which Clemensen saw, Masterson suddenly stopped, although according to Clemensen there was room to proceed west on the south half of Lorain Avenue.

On November 16, 1953, Masterson filed has action against Alger Truck Lines, Inc., which was not the correct name of the company for whom Donald M. Clemensen was working.

On February 19, 1954, Masterson filed an amended petition against The George F. Alger Company. This company was the employer of Clemensen.

On November 28, 1955, after leave first obtained, Masterson filed a second amended petition, in which the prayer only was changed. The petition and first amended petition had asked for $25,200 damages, whereas the second amended petition asked for $50,200 damages.

The appeal from the judgment of $15,000 in favor of Masterson sets out many assignments of error; however, after our examination of the bill of exceptions, we deem it necessary to discuss only two general questions raised by the assignments of error, to wit:

First, did the trial court err in overruling the demurrer to the second amended petition, which second amended petition changed the prayer more than two years after the collision occurred?

Second, did the trial court err in giving certain requested instructions and refusing to give other requested instructions to the jury?

Our examination of the bill of exceptions discloses an abundance of evidence which justified the jury in reaching the conclusion that the judgment should be awarded to Masterson, and consequently the verdict is amply supported by the evidence.

Counsel for Alger says that the filing of the second amended petition by Masterson was an abandonment of all causes of action and pleadings filed by him prior to the filing of this second amended petition; and that the effect of the filing of this second amended petition, and the issuance of a summons thereon, was the same as though Masterson had started his action more than two years after the date of the accident.

In other words, does one change his cause of action by amending the prayer of a petition by increasing the amount of damages?

We believe this complaint of counsel on behalf of Alger has been fully disposed of in the following cases: **Brown v. Cleveland Baseball Co., 158 Oh St 1**, and **Cohen v. Bucey, 158 Oh St 159.**

In Cohen v. Bucey, the court said:

"2. An amendment of a petition alleging negligent injury of the plaintiff by the defendant by adding thereto allegations characterizing such injury as wilful or intentional does not have the effect of stating an additional cause of action, such amendment may be made in the interest of justice after the expiration of the time limited for the prosecution of such an action, **and such amendment relates back to the time when the action was commenced."** (Emphasis ours.)

Counsel for Alger requested that the trial court submit certain instructions before argument bearing on the question of Masterson being under the influence of intoxicating liquor at the time of the collision.

Clemensen, the truck driver, did testify that Masterson was driving "erratically" and weaving on the road, but he also admitted that Masterson was stopped when the collision occurred. His explanation for the accident was that Masterson, who seemed to be turning to the right to permit Clemensen to pass, then drove in front of the truck. and that he, Clemensen, then "paced" Masterson until Masterson came to an abrupt stop near the barricade.

The trial court properly charged on the subject of stopping within the assured clear distance ahead and the exceptions to that rule.

No one testified that Masterson was under the influence of intoxicating liquor or that he was intoxicated. The question sought to be raised by the requested instructions concerning intoxicating liquor was not in the case, and such instructions were properly refused.

Counsel for Alger also requested an instruction with reference to contributory negligence. That subject was not an issue in the case, and the request was properly refused.

Clemensen, the truck driver, testified that he was about to pass Masterson and had driven the tractor portion of the truck-trailer slightly ahead of Masterson, when Masterson "speeded up" his automobile and pulled ahead of the tractor-trailer outfit. Clemensen then said that he "paced" behind Masterson at about 15 miles an hour until Masterson suddenly stopped at the barricade.

The evidence did not raise the issue of contributory negligence, and an instruction on such subject was not proper, even though the trial court did give it in his general charge.

Special instruction number 6, requested by counsel for Alger, was also properly refused. Clemensen did not testify, and no one else testified, that Masterson suddenly and without warning pulled in front of the truck-trailer and then stopped.

The testimony of Clemensen was to the effect that he drove directly behind Masterson in the same lane of travel some distance after an attempt to pass Masterson had failed, and after Masterson had "speeded up" to get ahead of Clemensen. Clemensen saw the barricade on the north half of Lorain Avenue, and knew that, to proceed west, both he and Masterson would be required to go onto the left side or wrong side of the road. Other cars were coming east through that half of the road. and Masterson chose to stop and wait until the roadway was cleared.

The jury properly found that Clemensen did not have his tractor-trailer under proper control, and did not stop in the assured clear distance ahead. An object suddenly coming into Clemensen's path was not in this case.

We have examined all of the claimed errors assigned, and do not find that prejudicial error has been committed by the trial court against the appellant, The George F. Alger Company. In our opinion, after a careful review of the bill of exceptions, substantial justice has been done in this case.

The judgment of the Court of Common Pleas must therefore be affirmed.

Judgment affirmed.

DOYLE and STEVENS, JJ, concur.