**BARAMORE, Plaintiff, v. WASHING, Defendant.**

Common Pleas Court, Montgomery County.

No. 112197.   Decided March 4, 1959.

Landis, Ferguson, Bieser & Greer, for plaintiff.
Curtner & Brenton, for defendant.

## OPINION

By McBRIDE, J.:

The original petition filed August 6, 1957, alleged a negligent act on April 18, 1956, and asked for judgment in the amount of $7,856.91. The praecipe requested summons endorsed: "Action for money only, amount claimed $7,856.91 plus costs." On January 26, 1959, plaintiff filed an amended petition which included a prayer for $33,256.87. No praecipe was attached and no summons issued. The amendment was filed more than two years after the date of the accident.

The defendant filed a motion seeking to strike the claim of damages of $33,256.87 from the prayer.

*       *       *       *       *

The amount of the prayer is a substantial and an essential element required by statute to be stated in the petition (§2309.04 R. C.), the praecipe (§2703.02 R. C.), and in the summons served upon the defendant (§2703.03 R. C.). The prayer is not a part of the cause of action. **Suburban Mortgage Co. v. Hopwood, (2d Dist.), 83 Oh Ap 115.**

Service of process, containing the amount for which judgment is requested, or a waiver of such process by the defendant is necessary to establish the jurisdiction of the court to award a money judgment. In event of default the statute expressly states that "judgment shall not be rendered for a larger amount than the amount prayed for and costs." Sec. 2703.03 R. C. This provision of the statute has been applied frequently in many cases which may be found in the annotations. In default cases the answer to the problem is clear because a judgment in excess of the amount prayed for violates the provisions for due process under the Ohio practice.

In the instant case the defendant entered his appearance on the original petition and, after the statute of limitations has expired, objects to an amendment increasing the amount claimed by about $25,000.00 because (1) the amendment was without leave of court, (2) there was no process and (3) because there may be no new "action" after the expiration of two years. The permission of the court is invariably granted on amendments to the cause of action, but in this instance the permission is dependent upon the solution of the remaining questions relating to the commencement of an action.

Sec. 2305.10 R. C., requires an **action** for bodily injury to be brought within two years. An **action** is defined as an ordinary proceeding in a court of justice, involving process, pleadings, and ending in a judgment. **Sec. 2307.01 R. C.** By definition, process is an essential part of an action.

Courts are liberal in allowing amendments to conform to the facts or the evidence providing no new cause of action is asserted. An increase in the prayer of approximately $25,000.00 is a substantial change, or new demand, which is not within the discretion of the court unless additional process is obtained. The Court of Appeals of the Second District said in **Kleinhans v. American Guage Company, 83 Oh Ap 453, 38 O. O. 487,** that an amendment increasing the amount claimed "could not be made without new service being had and a continuance granted." This is the rule which has been applied in this court and apparently in some other courts of common pleas. **Abrams v. Clark (CP), 76 Abs 49.** And the statute of limitations has been similarly applied to this situation by several members of this court in unreported cases.

In discussing this question the distinction between a cause of action and an action is significant. Increasing the amount claimed does not change the nature of the cause of action because it is no part of the cause of action. **Suburban Home Mortgage Co. v. Hopwood, 83 Oh Ap 115.** However, it does require additional process or procedure within the statutory definition of action as used in the statute of limitations. Cause

of action is the right upon which the action is based. The cause of action is reflected in the facts which create it. The statute of limitations applies to the procedure whereby the cause of action is enforced. Once the statute of limitations has expired the only additional relief, by amendment or otherwise, that the court may grant within its discretion is confined to the facts setting forth the cause of action and to such facts as do not require a new action or additional relief equivalent to a new action, such as service of process. Where the party must resort to additional action and additional process in order to assert a new or a substantially greater demand, the statute of limitations is applicable. An increase in the prayer and the amount claimed in an amended petition is therefore barred by the statute of limitations because it requires new action or additional proceedings within the definition provided in §2307.01 R. C.

The court is aware that the Court of Appeals of the Eighth District in **Masterson v. Alger Company, 78 Abs 89,** held that an amendment of a petition alleging negligent injury made more than two years after the alleged injury, increasing the amount of damages prayed for does not change the cause of action, and such amendment relates back to the time when the action was commenced. The meager facts do not disclose whether process was issued, nevertheless the judgment obtained was less than the prayer of the original petition. The citations relied upon in that case do not relate to the specific question. Other arguments and decisions on both sides of this question may be found in 15 Cin. Law Review, 423, which reports strong dictum on both sides of the question. In view of the conflict and the possible contrary holdings in the courts of appeal the question can only be resolved by each court continuing to follow its local precedents until such time as the problem is finally resolved.

In **Holibaugh v. Cox, 167 Oh St 340,** an insurer assignee was permitted to be joined after the statute of limitations had expired, however in that case the injured party had timely commenced an action for the full amount and the addition of the proper party did not in any way change the amount of the prayer nor did it require additional process. A liberal tendency is apparent in **N. R. M. Ins. Co. v. Gross, 142 Oh St 132,** which approved a counterclaim which was not barred by a statute of limitations at the time the action was commenced.

In the instant case no process was issued on the amended petition and therefore the case of Kleinhans v. American Guage Company, supra, is decisive in this appellate district, and the motions to strike in this case and in cases No. 112196 and No. 112198 are sustained. In case No. 112196 the increase sought is from $7,500.00 to $20,000.00 and in case No. 112198 from $7,870.00 to $10,660.00. Further, in view of the substantial change sought in the amendment and because of the necessity for additional action and process after the expiration of the statute of limitations, leave to increase the prayer of the petitions is denied.