**MYERS, Plaintiff, v. WILSON, Defendant.**

Common Pleas Court, Franklin County.

Nos. 202089, 202090. Decided February 5, 1960.

Curtis Porter, George R. Hedges, Jr., for plaintiff.
Hamilton & Kramer, for defendant.

## OPINION

By GESSAMAN, J.

On motion of plaintiff for leave to file her amended petition "or in lieu thereof, that she be granted leave to file her Supplemental Petition * * *."

Both in the amended petition and in the supplemental petition as proffered, new injuries are alleged and the prayer is increased from $22,000.00 to $32,000.00.

In the petition there is alleged a cause of action for damages for alleged personal injuries to plaintiff based upon alleged negligence of the defendant. The incident upon which the action is based is alleged to have taken place on March 8, 1957. The petition was filed and summons issued on July 21, 1958. The motion now under consideration was filed on January 19, 1960—after the statute of limitations had run. See §2305.10 R. C. Within "the meaning of §§2305.03 to 2305.22 inclusive, R. C.," an action is commenced as to each defendant "at the date of the summons which is served on him." Sec. 2505.17 R. C.

Sec. 2309.04 R. C., provides in part that "If the recovery of money is demanded, the amount shall be stated;" in the petition. The amount must also be put in the praecipe. See Sec. 2703.02 R. C. It must also be endorsed on the summons. See §2703.03 R. C.

In the case of Kleinhaus v. The American Gauge Co., 83 Oh Ap 453, the Court of Appeals of the district of which Franklin County was then a part, held as follows at page 456:

"At the end of plaintiff's case, he asked leave to amend his petition by increasing the amount claimed. An amendment of this nature could not be made without new service being had and a continuance granted. * * *."

In considering a question similar to the one here under consideration, Judge McBride of the Montgomery County Common Pleas Court held as follows in Baramore v. Washing, 160 N. E. (2) 432, at page 434, 80 Abs 518:

"(5) In discussing this question the distinction between a cause of action and an action is significant. Increasing the amount claimed does not change the nature of the cause of action because it is no part of the cause of action. Suburban Home Mortgage Co. v. Hopwood, 83 Oh Ap 115, 81 N. E. 2d 387. However, it does require additional process or procedure within the statutory definition of action as used in the statute of limitations. Cause of action is the right upon which the action is based. The cause of action is reflected in the facts which create it. The statute of limitations applies to the procedure whereby the cause of action is enforced. Once the statute of limitations has expired the only additional relief, by amendment or otherwise, that the court may grant within its discretion is confined to the facts setting forth the cause of action and to such facts as do not require a new action or additional relief equivalent to a new action, such as service of process. Where the party must resort to additional action and additional process in order to assert a new or substantially greater demand the statute of limitations is applicable. An increase in the prayer and the amount claimed

in an amended petition is therefore barred by the statute of limitations because it requires new action or additional proceedings within the definition provided in §2307.01 R. C."

We feel that it is obvious, as Judge McBride points out, that increasing the prayer does not change the cause of action but it does require "a new action or additional relief equivalent to a new action, such as service of process." To substantially the same effect is Andrew v. Stark Trucking Compay, Inc., Case No. 186,946 of this court (decision by Hon. Joseph M. Harter, Judge) and Abrams v. Clark, 76 Abs 49.

Our conclusion is that the plaintiff has lost the right to increase the prayer of her petition by reason of the running of the statute of limitations. Her motion, therefore, is overruled.