MILLER ET, PLAINTIFFS-APPELLEES, *v.* RISMAN ET, DEFENDANTS-APPELLANTS.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26858. Decided June 25, 1964.

*Mr. Walter S. Musiel, Jr.,* and *Mr. William N. Stovall,* for plaintiffs-appellees.

*Mr. Jack F. Smith,* for defendants-appellants.

SKEEL, C. J. This appeal is before this court on questions of law, said appeal on law and fact having been dismissed by this court because of appellants' failure to file an appeal bond. The action as set out in the amended petition is "for Money and/or Specific Performance, Punitive Damages, Attorney Fees, Injunction and other Relief."

The plaintiffs allege that they purchased three sublots on Felch Street in Warrensville Heights from the defendants as shown by a quit claim deed dated November 11, 1948, that subsequently by (oral) contract in consideration for the return of said sublots to the defendants and certain landscaping work to be performed by plaintiff, Henry Miller, the defendants agreed

to convey six sublots in the same subdivision on Felch Street in Warrensville Heights by quit claim deed to plaintiffs.

It is also alleged that the work plaintiff promised to perform was completed and they (plaintiffs) on June 2, 1949 deeded the three sublots first above mentioned back to the defendants and that at the same time the defendants deeded six sublots (being sublots Nos. 208 through 213) on Felch Street to the plaintiffs by quit claim deed.

Plaintiffs further allege that the defendants' quit claim deed was erroneously executed in that the grantees were not named in the habendum clause as required by Section 5301.01, Revised Code, and that when said deed was delivered to the plaintiffs, defendants did not own sublots Nos. 211, 212 and 213, said sublots having been previously sold and deeded to one George F. Kibler whereby these plaintiffs did not get the right to the possession of said sublots.

The first cause of action seeks damages for breach of the alleged contract for the reasons just stated, that is for failure to properly convey sublots Nos. 211, 212 and 213 free and clear of encumbrances, the damages claimed being in the sum of $3,000.00.

The second cause of action alleges that prior to June 2, 1949, the defendants transferred sublots Nos. 211, 212 and 213 to George F. Kibler so that at the time of entering into the contract for landscaping, the representation that defendants were the owners of said sublots and that said sublots were free and clear of all claims was false and that the plaintiffs, relying thereon, performed the work agreed to and deeded sublots Nos. 214, 215 and 216 to defendants.

The prayer following the second cause of action asks first: specific performance of the alleged sales contract as to sublots Nos. 208 to 213, inclusive, in accordance with the said agreement; second: a decree in specific performance as to sublots Nos. 208 to 210, inclusive, under the terms of said contract, and for compensatory damages in the sum of $1,800.00 for failure to deed to plaintiffs sublots Nos. 211 to 213, inclusive; or third: (this claim of plaintiffs is stated in the alternative) compensatory damages in the sum of $3600.00 for failure to convey said lots as per said agreement; and fourth: for punitive damages in the sum of $1,000.00.

When the case was called for trial, the plaintiffs asked leave to amend their petition by increasing the amounts claimed for compensatory damages as to No. 2 under the second cause of action from $1800.00 to $3,000.00 and under No. 3 and the prayer under the first cause of action from $3600.00 to $6,000.00, which motion was granted over the objection of the defendants and the petition amended by interlineation as requested. The claim for punitive damages was at the same time stricken from the amended petition.

The defendants claim the following errors:

"1. The Trial Court erred as a matter of law in permitting plaintiffs-appellees to amend their petition, which amendment increased the amount of damages sought without the issuance of additional process.

"2. The Trial Court erred as a matter of law in admitting testimony pertaining to an oral agreement for the sale of real property.

"3. The Trial Court erred as a matter of law in overruling defendants-appellants' motion for a directed verdict made at the close of plaintiffs-appellees' case.

"4. The Trial Court erred as a matter of law in overruling defendants-appellants' motion for a directed verdict made at the conclusion of the evidence.

"5. The Trial Court erred as a matter of law and violated the Constitution of the United States of America and of the State of Ohio in decreeing and ordering that defendants-appellants convey premises involved by Warranty Deed, which order was not requested by plaintiffs-appellees nor contractually agreed upon, pleaded or proven.

"6. Other errors apparent upon the face of the record."

The first claim of error must be sustained. Attempting to increase the amount of damages prayed for without new service and noting the increased amount claimed on the precipe and summons is a clear violation of Sections 2703.02 and 2703.03, Revised Code. In the case of *Kleinhans* v. *The American Gauge Co.*, 83 Ohio App., 453, at page 456, 80 N. E. (2d), 626, the court, in dealing with this question, said:

"At the end of plaintiff's case, he asked leave to amend his petition by increasing the amount claimed. An amendment of this nature could not be made without new service being had

and a continuance granted. That was neither agreed to or requested. The amendment was properly denied.''

In the case of *Baramore* v. *Washing*, 80 Ohio Law Abs., 518, 160 N. E. (2d), 432, the first two paragraphs of the head-notes state:

''(1) The amount of the prayer is a substantial and essential element required by statute to be stated in the petition, the precipe, and in the summons but is not a part of the cause of action. (Sections 2309.04, 2703.02, 2703.03, Revised Code.)

''2. Service of process containing the amount for which judgment is requested or a waiver of such process by the defendant is necessary to establish the jurisdiction of the court to award a money judgment.''

See also *Myers* v. *Wilson*, 83 Ohio Law Abs., 295, 168 N. E. (2d), 774.

Without new service, setting out the increased amounts demanded as required by law, the amendment being made at the commencement of the trial over defendants' objection, and service not being had, the court was without jurisdiction to give any consideration on plaintiffs' claim for money damages.

The filing of an amended petition is an abandonment of the pleading thus amended, such amended pleading supersedes the original petition. *Ross* v. *The Cincinnati Transit Co.*, 101 Ohio App., 81, 136 N. E. (2d), 760. The plaintiffs' claims for money damages must, therefore, be dismissed, the trial court being without jurisdiction to enter judgment on such claims.

As was asserted earlier in this opinion, the claim of the plaintiffs for specific performance as to sublots Nos. 211, 212 and 213 is stated in the alternative by also seeking damages because of the failure to carry out the alleged contract to sell said sublots. The petition also makes allegations of fact which show on the face of the pleading that as to sublots Nos. 211, 212 and 213 a decree of specific performance could not compel the defendants to transfer title to property which the plaintiffs allege they do not own. The court, therefore, correctly found for the defendants on plaintiffs' claim for specific performance as to sublots Nos. 211, 212 and 213.

With respect to the remaining question of the right of plaintiffs to a decree of specific performance as to sublots Nos. 208, 209 and 210, the record shows that such lots were deeded to the

plaintiffs, the deed being defective by not naming the grantees in the habendum clause. An action to quiet title would be the only proper proceeding where, as in this case, the agreement to transfer title was made verbally and, therefore, unenforceable as in violation of the statute of frauds. As to the issues on this question, the decree of the Court of Common Pleas is reversed and final judgment entered for the defendants.

ARTL and WASSERMAN, JJ., concur.