SHULL *v.* SIMPSON.

[Cite as Shull v. Simpson, 13 Ohio Misc. 41.]

(No. 227512—Decided November 28, 1967.)

Common Pleas Court of Franklin County.

*Mr. Russell H. Volkema* and *Messrs. Dobbs & Finnegan,* for plaintiff.
*Messrs. Hamilton, Kramer & Myers,* for defendant.

LEACH, J.   Plaintiff herein filed his petition of July 21, 1966, alleging personal injury, medical expense and loss of income, past, present and future, as a result of the claimed negligence of the defendant in the operation of a motor vehicle on January 16, 1965.   The petition prayed judgment in the sum of $30,000.   Answer thereto was filed by defendant on August 20, 1966.

This case is now before the court on the motion of the plaintiff for leave to file an amended petition increasing the amount of the prayer.   In support of this motion plaintiff relies principally on *Masterson* v. *George F. Alger Co.,* 78 Ohio Law Abs. 89 (decided June 25, 1957, with judges of the 9th District sitting by designation in the 8th District; Cuyahoga County) and *House* v. *Moomaw,* 120 Ohio App. 23 (Court of Appeals of Montgomery County; March 20, 1964).

. Counsel for defendant oppose this motion principally on the basis that more than two years have expired since the cause of action arose, and thus assert that an increase in the prayer cannot be made without securing additional process, and that additional process cannot be secured after the running of the two-year statute of limitations.   Reli-

ance is had by counsel for defendant on *Baramore* v. *Washing*, 80 Ohio Law Abs. 518 (Common Pleas Court, Montgomery County; March 4, 1959); *Myers* v. *Wilson*, 83 Ohio Law Abs. 295 (decided by Judge Gessaman of this court on February 5, 1960); and *Miller* v. *Risman*, 94 Ohio Law Abs. 368 (Court of Appeals of Cuyahoga County; June 25, 1964).

All of these cases, both pro and con on this subject matter, accept the proposition that an increase in the prayer does not constitute a new cause of action. This being true the general rule is that an amendment may be made increasing the amount of damages claimed after the running of the statute of limitations. 34 American Jurisprudence 218.

In Ohio this issue is complicated by the fact that Section 2703.02, Revised Code, provides that the precipe for the issuance of summons shall, if the claim is for the recovery of money, state the amount for which judgment is asked, and by the fact that Section 2703.03, Revised Code, provides that when the action is for the recovery of money there must be included in the summons or endorsed on the writ or included in a copy of the petition served with the summons the amount for which judgment is asked, with interest, if any.

In *Casey* v. *Lintner,* case No. 186913, we held on March 17, 1955, that the requirement of stating the amount of recovery sought on the summons, as provided by then Section 11281 General Code (now Section 2703.03, Revised Code) only limited the maximum amount of a *default* judgment, as evidenced by the language of the statute that *if the defendant failed to appear* judgment should not be rendered for a larger sum than the amount prayed for with interest, if any, and the costs.

After reviewing all of the case law on this subject matter we still are of the same opinion.

In *Kleinhans* v. *The American Gauge Company*, 83 Ohio App. 453, the Court of Appeals for Montgomery County (then also the Court of Appeals for this county), stated in the body of its opinion, without extended discussion or any reference to either statutes or other case authority, that an amendment increasing the prayer of a peti-

tion could not be made without new service being had and a continuance granted, and that the allowance of such was error.

In effect, this language in *Kleinhans* became the basis for later holdings that an amendment increasing the prayer of a petition could not be accomplished subsequent to the running of the statute of limitations.

In *Abrams* v. *Clark,* 76 Ohio Law Abs. 49, Judge Bartlett of this court on February 6, 1957, referred to *Kleinhans* and on such basis denied application for leave to amend the endorsement on the summons, while at the same time granting leave to amend the prayer of the petition. In essence that opinion appears to hold that an amendment could be made to the petition but such would be totally ineffective in the sense of permitting additional recovery because of the running of the statute of limitations.

In *Baramore* v. *Washing,* 80 Ohio Law Abs. 518, Judge McBride of the Montgomery County Common Pleas Court held, relying in large part on *Kleinhans* and *Abrams,* that the requirement as to service of process that the amount sought to be endorsed thereon was "necessary to establish the jurisdiction of the court to award a money judgment." On this basis, plus the fact that Section 2305.10, Revised Code, defined "an action" as an ordinary proceeding in a court of justice "involving process," pleadings and ending in a judgment, Judge McBride held that such an amendment could not be made.

This same reasoning was followed by Judge Gessaman of this court in *Myers* v. *Wilson,* 83 Ohio Law Abs. 295, decided February 5, 1960. Again it was followed by the Court of Appeals of Cuyahoga County in *Miller* v. *Risman,* 94 Ohio Law Abs. 368, decided June 25, 1964. In *Miller* v. *Risman* the court even went to the extent of holding that the filing of such an amended petition constituted an abandonment of the original claim and thus "the court was without jurisdiction to give any consideration to plaintiffs' claim for money damages."

On the other side of the fence in addition to the decision of this branch of the court in *Casey* v. *Lintner,* in 1955, it appears that the Court of Appeals for Cuyahoga County,

but with judges from Summit County sitting by assignment, held in *Masterson* v. *George F. Alger Company*, 78 Ohio Law Abs. 89 that an amendment increasing the prayer may be made after the running of the statute of limitations. Here no particular discussion was had as to the purpose of the requirements of Sections 2703.02 and 2703.03, Revised Code, but instead the opinion was based simply on the holdings of *Brown* v. *Cleveland Baseball Company*, 158 Ohio St. 1, and *Cohen* v. *Bucey*, 158 Ohio St. 159, that an amendment to a petition "relates back to the time when the action was commenced."

In *House* v. *Moomaw*, decided March 20, 1964, the Court of Appeals for Montgomery County in an extensive opinion analyzed the applicable case law and the applicable statutes, rejected the rationalization followed in *Baramore* and other cases in accord therewith, and reversed the order of the Montgomery County Common Pleas Court refusing to permit such an amendment.

As heretofore noted the reasoning in *Baramore* and the other cases in accord therewith is premised on the conclusion that since Sections 2703.02 and 2703.03, Revised Code, require the precipe and the summons, in the event a money judgment is sought, to state the amount prayed for, that such failure is "jurisdictional." We assume that such rationalization is based on the use of the words "shall" and "must" in the statutes.

The rationalization of our decision in *Casey* v. *Lintner* and of the decision in *House* v. *Moomaw* is based on the premise that such requirements of the statutes are not jurisdictional and merely restrict the maximum amount which may be rendered by *default* judgment.

If we were faced with a determination of this basic issue in the absence of any definitive holdings of the Ohio Supreme Court relative thereto, the choice between the cases on the one side and those on the other might be considered to be difficult. However, in *Shilling* v. *Octavio*, 176 Ohio St. 123, the Ohio Supreme Court on April 22, 1964, held that a summons, if otherwise in proper form and properly served upon the defendant, was sufficient to give the court "jurisdiction" over the person of the defendant even

though no sum of money was endorsed thereon and money judgment was actually sought. In *Shilling* the lower court had held that the failure to so endorse constituted a defective process, and for such reason the action was not commenced within the period of the statute of limitations. Based upon this reasoning a new summons properly endorsed but issued after the statute of limitations was held as being outlawed by the statute of limitations.

In reversing, the Supreme Court unequivocally held that the failure to so endorse did not divest the court of "jurisdiction." Chief Justice Taft reviewed the history and purpose of Sections 2703.02 and 2703.03, Revised Code, and in essence concluded that the purpose of the General Assembly was "apparently intended to provide a defendant with a shield to protect him against a default judgment." The opinion of Chief Justice Taft also stated that such requirement "was not intended to further provide the defendant with a weapon that would enable him, with the statute of limitations, to destroy the plaintiff's cause of action."

Since, as noted before, the base of the holding of *Baramore* and cases in accord therewith was the conclusion that a court lacked "jurisdiction" by virtue of defective process upon failure of the summons to be so endorsed, and since such rationalization is rejected by the Supreme Court in *Shilling* v. *Octavio,* we think it follows that the reasoning of the Court of Appeals in *House* v. *Moomaw,* is in accord with *Shilling* v. *Octavio* (decided one month later), is in accordance with basic principles of statutory interpretation, and correctly states the present law of the state of Ohio.

For the reasons heretofore stated the motion of the plaintiff for leave to file an amended petition raising or increasing the amount of the prayer is sustained. Entry to such effect may be prepared accordingly.

*Judgment   accordingly.*