DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from several Pike County Common Pleas Court summary judgments against Morris and Nancy Burkitt, plaintiffs below and appellants herein, on their claims against various parties and in favor of Pike Water, Inc., defendant below and appellee herein, on its counterclaim and cross-claim.
 {¶ 2} The following error is assigned for our review:
"The trial court erred in granting appellees' motions for summary judgment."
 {¶ 3} Daisy and Elmer Smith, who owned a farm in Sunfish Township, were the parents of Appellant Nancy Burkitt and Appellee Delores Shepherd. Elmer Smith died in 1959. Daisy Smith became ill in 1977 and, in order to pay medical bills, she split off from the farm a 58 acre parcel that she sold to appellant (her daughter) and son-in-law. Five years later, Daisy Smith conveyed land to Howard Smith and her daughter, Appellee Delores Shepherd.[1] This property is contiguous to the property Smith sold to appellant. The two sisters operated under the belief that State Route 772 is the border between their two properties. This belief was further confirmed in 1991 when Gary McCann conducted a survey and determined that the property Daisy Smith conveyed to Nancy Burkitt lay south of State Route 772.
 {¶ 4} In 1995, Delores Shepherd conveyed seven acres of the land she received from her mother to her son, Appellee Steven L. Shepherd. He and his wife, Appellee Deborah Shepherd, constructed a home on that land and, in 1999, they executed a promissory note to Appellee Union Federal Savings Bank (Union Federal) and gave the bank a mortgage interest to secure that debt. In 1999, Delores Shepherd's surveyor determined that fourteen of the acres conveyed by Daisy Smith to Nancy Burkitt in 1977 actually lay north of State Route 772 in the area the two sisters had believed belonged to Delores Shepherd.
 {¶ 5} Appellants commenced the instant action on November 13, 2001 and averred that they owned fourteen acres of land north of Route 772 which Delores, Stephen and Deborah Shepherd wrongfully claimed as their land Appellants joined (1) Union Federal (as a result of their asserted mortgage interest in the premises); (2) Gary McCann (who they alleged negligently performed his 1991 survey); and (3) Pike Water, Inc. ("Pike Water") because that entity might claim title to land through a 1983 deed from Delores Shepherd that purports to convey to it 0.463 acres. Appellants requested judgment to quiet title in their name to all the land in question (58 acres) as well as $50,000 in damages against McCann.[2]
 {¶ 6} The defendants all denied liability and set out their claims of interest to the property. The Shepherd defendants also counterclaimed and alleged that the Burkitts placed a cloud on their title, slandered their title and caused intentional infliction of emotional distress. They requested a judgment to quiet title as well as $25,000 in compensatory damages and $25,000 in punitive damages. Pike Water also filed a counterclaim and a cross-claim and asserted that it had an interest in easements, right-of-ways and a 10,000 square foot portion of the land that housed a water tank. Pike Water asked for judgment quieting title to those interests in their favor.
 {¶ 7} Each side filed motions for summary judgment and, in the end, the trial court found in favor of all defendants. The court entered judgment for Union Federal on June 18, 2003 Gary McCann on June 19, 2003 and Pike Water on July 11, 2003. On June 18, 2003, the court entered judgment against appellants on their claims and in favor of the Shepherds on the first part of their counterclaim (quieting title). The court did not rule on the second part of the counterclaim (slander of title and intentional infliction of emotional distress). This appeal followed.[3]
 {¶ 8} Initially, we must resolve a threshold jurisdictional problem. Courts of appeal in this state have appellate jurisdiction to review final orders from courts in their district. Section 3(B)(2), Article IV, Ohio Constitution. A "final order" is one that affects a substantial right and, in effect, determines the action and prevents a judgment. R.C.2505.02(B)(1).[4]
 {¶ 9} We again note that the summary judgment in the instant case did not determine the entire counterclaim against appellants. Rather, it addressed the first part and not the second part wherein appellees (the Shepherds) requested damages for both slander of title and the intentional infliction of emotional distress. That portion of the counterclaim is technically still pending. Thus, the judgment in favor of the Shepherds does not constitute a final and appealable order. Accordingly, we do not have jurisdiction to review the judgment and this appeal must be dismissed. Davison v. Rini (1996),115 Ohio App.3d 688, 692, 686 N.E.2d 278; Prod. Credit Assn. v.Hedges (1993), 87 Ohio App.3d 207, 210, 621 N.E.2d 1360; Kounsv. Pemberton (1992), 84 Ohio App.3d 499, 501, 617 N.E.2d 701.
 {¶ 10} We acknowledge that the trial court filed subsequent entries that contained the Civ.R. 54(B) "no just reason for delay" language. This language does not, however, vest us with jurisdiction in this matter. We note that the language of that rule does not make appealable those judgments which otherwise would not be appealable. McCabe/Marra Co. v. Dover (1995),100 Ohio App.3d 139, 160, 652 N.E.2d 236; Palmer v. Westmeyer
(1988), 48 Ohio App.3d 296, 302, 549 N.E.2d 1202; Douthitt v.Garrison (1981), 3 Ohio App.3d 254, 255, 444 N.E.2d 1068. Specifically, the problem in the instant case lies with the misunderstanding of the concept of a "claim." A "claim," for purposes of Civ.R. 54(B), is synonymous with the phrase "cause of action." Noble v. Colwell (1989), 44 Ohio St.3d 92, 95,540 N.E.2d 1381; Amato v. Gen. Motors Corp. (1981),67 Ohio St.2d 253, 256, 423 N.E.2d 452. The phrase "cause of action" is to be distinguished from the term "action" which is a judicial proceeding brought in a court of law to vindicated the "cause of action." Baramore v. Washing (1959), 80 Ohio Law Abs. 518, 160 N.E.2d 432. The distinction between these definitions is critical because an "action" may contain numerous theories of recovery, claims or counts and still have but a single "cause of action" or claim for relief therein. See generally Henderson v. Ryan
(1968), 13 Ohio St.2d 31, 33-35, 233 N.E.2d 506; also, see, Note, The Application and Misapplication of Ohio Rule of Civil Procedure 54(B) (1991), 39 Cleve. St.L.Rev. 237, 257-259.
 {¶ 11} The Shepherds's counterclaim against the Burkitts has two components: the first to quiet title, and the second for slander of title and the intentional infliction of emotional distress brought on by the need to defend title to their land(s). These components all arose from the same set of events (the Burkitts's wrongful claim against the Shepherds's property). In other words, the Shepherds's claims are all part of a single "cause of action." They are not separate causes of action or claims. Thus, both parts of the counterclaim must be decided before the summary judgment constitutes a final order. The addition or insertion of the Civ.R. 54(B) "no just reason for delay language" will not give us jurisdiction.
 {¶ 12} Of course, the claims involving Pike Water, Gary McCann and Union Federal are severable from the factual unit of the Shepherd Counterclaim. We note, however, that those judgments are all affected by the issue of whether the Shepherds possess title to the property in question. Until a final judgment is rendered on that issue, we believe that review of those judgments should be held in abeyance notwithstanding the "no just reason for delay" certification by the trial court. Accordingly, we will refrain from considering the appeals on those summary judgments until such time as a final order is entered on the Shepherds's counterclaim. See Wisintainer v. Elcen Power Strut Co. (1993),67 Ohio St.3d 352, 355, 617 N.E.2d 1136.
 {¶ 13} For these reasons, we conclude that the judgments appealed herein are neither final nor appealable and that we are without jurisdiction to review them. Accordingly, we hereby dismiss the appeals.
Appeal Dismissed.
Kline, P.J., concurs in judgment and opinion.
Harsha, J., dissents.
 JUDGMENT ENTRY
It is ordered that the appeal be dismissed and that appellees recover of appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pike County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J.: Concurs in Judgment Opinion.
Harsha, J.: Dissents.
[1] Although the record is not entirely clear on this point, it appears that Howard Smith is another child of Daisy and Elmer Smith and a brother of Nancy Burkitt and Delores Shepherd.
[2] Appellants later filed an amended complaint to add a claim against McCann for breach of his original contract of employment.
[3] On October 16, 2003, the trial court filed nunc pro tunc entries that include a finding of "no just reason for delay."
[4] We note that our attention is focused on subsection (B)(1) of the statute because the instant claims are primarily in quiet title which exists as an action in equity, see generally Birneyv. Wilson (1860), 11 Ohio St. 426, 427; Porter v. Robb (1835),7 Ohio 206. Therefore, this case cannot fairly be classified as a special proceeding under subsection (B)(1) (though our analysis would remain the same if it was). We also point out that the judgments at issue herein do not fall under any of the other categories of final orders in R.C. 2505.02.