DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Lawrence County Common Pleas Court summary judgment in an action brought by Donna Gail Dickess and Keith Dickess, plaintiffs below and appellees herein, against the Lawrence County Commissioners[1] (Commissioners), Lawrence Township Trustees[2]
(Trustees) and various property owners with land contiguous to Lawrence Township Road 248,[3] the defendants below and the appellants herein.
 {¶ 2} The following error is assigned for our review:
"The honorable trial court erred in granting plaintiffs' motion for summary judgment because genuine issues of material fact exist in the record that preclude summary judgment."
 {¶ 3} Appellees are the owners of real property adjacent to Lawrence Township Road 248. On August 22, 2002, the Commissioners passed a resolution to widen that road. Appellees commenced this case in an effort to block that action. Specifically, they argued that the Commissioners violated various provisions in R.C. Chapter 5553 (regarding alteration of county roads).[4] Appellees asked for injunctive relief, a declaratory judgment that the Commissioners' resolution was null and void, and a judgment directing them to proceed with a land appropriation proceeding pursuant to R.C. Chapter 163. The Commissioners and the Trustees filed a joint answer and denied that their attempts to widen the road were unlawful.
 {¶ 4} Appellees' motion for summary judgment asserted that no genuine issues of material fact exist in this case. Specifically, appellees argued that they were entitled to a judgment (1) finding the township road is ten (10) feet wide; (2) ordering the Lawrence County Engineer to submit a survey that establishes a description of the roadway; and (3) declaring that the Commissioners and/or Trustees failed to comply with statutory provisions necessary for widening the road. Appellants filed a memorandum contra and argued that genuine issues of material fact remain and must be resolved.
 {¶ 5} On July 28, 2004, the trial court granted summary judgment in favor of the appellees, but only as to the issue of the roadway's width. The court determined that no genuine issues of material fact exist with regard to the width of the road and, as the appellees argued in their motion, the road is ten (10) feet wide. Further, the court ordered the Lawrence County Engineer to conduct a survey to establish a description of the roadway. Having found that the road is ten (10) feet wide, the court further found that this rendered moot all other matters raised in the motion and, thus, they were overruled. The court then found "no just cause for delay." This appeal followed.
 {¶ 6} Before we address the merits of the assignment of error, we must first address a threshold jurisdictional problem. Courts of appeals only have appellate jurisdiction over final orders. See Section 3(B)(2), Article IV, Ohio Constitution. A final order is one which, inter alia, affects a substantial right and is made in a special proceeding. R.C.2505.02(B)(2).[5]
 {¶ 7} Moreover, when multiple claims for relief are involved in a case, Civ.R. 54(B) also factors into the determination of whether a judgment is final. See In re Berman (1990), 69 Ohio App.3d 324, 328,590 N.E.2d 809; Gallucci v. Freshour (Jun. 22, 2000), Hocking App. No. 99CA22; McGuire v. Mills (May 21, 1997), Ross App. No. 96CA2191. Civ.R. 54(B) provides, inter alia, that a trial court may enter final judgment as to one or more, but fewer than all, claims in a multi-claim action only upon an express determination of "no just reason for delay." If a judgment does not meet the requirements of R.C. 2505.02, and Civ.R. 54(B) when applicable, a reviewing court does not have jurisdiction and the appeal must be dismissed. See Prod. Credit Assn. v. Hedges (1993),87 Ohio App.3d 207, 210, 621 N.E.2d 1360 at fn. 2; Kouns v.Pemberton (1992), 84 Ohio App.3d 499, 501, 617 N.E.2d 701. For the following reasons, we find that the judgment appealed herein is neither final nor appealable.
 {¶ 8} First, as we earlier noted, a judgment must, inter alia, affect a substantial right. Substantial rights are those which the United States Constitution, Ohio Constitution, a statute, common law or a rule of procedure entitles a person to enforce or protect. R.C. 2505.02 (A)(1). In the instant case the trial court's judgment did not affect a substantial right; rather, it merely determined the width of the road. Furthermore, the trial court has not yet actually entered judgment for either side on any claim in this case. The width of the roadway is an interlocutory determination and can be changed by the court at any time before it enters final judgment for either side.
 {¶ 9} We further note that the trial court's reliance on Civ.R. 54(B) does not rescue this jurisdictional defect. Civ.R. 54(B), as aforesaid, applies in those instances when multiple claims are involved. In Burkittv. Shepherd, Pike App. No. 03CA714, 2004-Ohio-1754, at ¶ 10, we addressed what constitutes a "claim" for purposes of Civ.R. 54(B):
"A `claim,' for purposes of Civ.R. 54(B), is synonymous with the phrase `cause of action.' Noble v. Colwell (1989), 44 Ohio St.3d 92, 95,540 N.E.2d 1381; Amato v. Gen. Motors Corp. (1981), 67 Ohio St.2d 253, 256,423 N.E.2d 452. The phrase `cause of action' is to be distinguished from the term `action' which is a judicial proceeding brought in a court of law to vindicated the `cause of action.' Baramore v. Washing (1959), 80 Ohio Law Abs. 518, 160 N.E.2d 432. The distinction between these definitions is critical because an `action' may contain numerous theories of recovery, claims or counts and still have but a single `cause of action' or claim for relief therein. See generally Henderson v. Ryan
(1968), 13 Ohio St.2d 31, 33-35, 233 N.E.2d 506; also, see, Note, The Application and Misapplication of Ohio Rule of Civil Procedure 54(B) (1991), 39 Cleve. St.L.Rev. 237, 257-259."
 {¶ 10} It is unclear whether multiple claims are included in the case sub judice. We find three "branches" to the appellees' second amended complaint, but all three "branches" relate to the attempt to widen Lawrence Township Road 248. Thus, they appear to be part of the same overall "claim."
 {¶ 11} Fortunately, we need not resolve this issue because even if the case sub judice did involve multiple claims, the trial court's judgment did not resolve any of them. Our reading of the trial court's July 28, 2004 entry reveals that the court did not enter judgment for any party on any of the three "branches" of appellees' complaint. Rather, the court merely made a factual determination that Township Road 248 is ten (10) feet wide. This determination may indeed have some bearing on a claim, but it does not actually determine a claim. Civ.R. 54(B) does not apply to individual issues in a case such that a party can seek immediate review of one issue before the other issues in that claim are resolved.Drydock Coal Co. v. Envirogas (Feb. 28, 1994), Athens App. No. 1577.
 {¶ 12} We also note that the trial court's use in this case of the Civ.R. 54(B) "no just reason for delay" language does not require a conclusion that the judgment constitutes a final, appealable order. Use of that particular language does not make appealable an otherwise unappealable judgment. See e.g. McCabe/Marra Co. v. Dover (1995),100 Ohio App.3d 139, 160, 652 N.E.2d 236; Palmer v. Westmeyer
(1988), 48 Ohio App.3d 296, 302, 549 N.E.2d 1202; Douthitt v.Garrison (1981), 3 Ohio App.3d 254, 255, 444 N.E.2d 1068.
 {¶ 13} For these reasons, we find that the judgment appealed herein is neither final nor appealable and that this court does not have jurisdiction to review the judgment. Accordingly, the appeal is hereby dismissed.
APPEAL DISMISSED.
 JUDGMENT ENTRY
It is ordered that the appeal be dismissed and that appellees recover of appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J. McFarland, J.: Concur in Judgment Opinion
[1] The County Commissioners named in this action are Jason C. Stephens, Paul H. Herrell and George R. Patterson.
[2] The Township Trustees named in this action are Kenneth L. Everhart, Jon P. Collier and Alvin J. Harper, Jr.
[3] The property owners named in this action are John Harper, Norma J. Harper, Merrill David Humphreys, Edith R. Humphreys, Robert Jameson, Janice Jameson, William McKenzie and Karen McKenzie.
[4] We take these allegations from appellees' second amended complaint. The first complaint in this case was filed October 23, 2002 by Donna Gail Dickess only against the Commissioners and the Township Trustees. Donna Gail Dickess filed her first amended Complaint on October 23, 2002 and joined those who owned land contiguous to Lawrence Township Road 248. A second amended complaint was filed on May 13, 2004 and joined Keith Dickess as a party plaintiff because he acquired an ownership interest in the land from Donna Gail Dickess.
[5] Declaratory judgments, as were sought here, are special proceedings. See Marsh v. State Auto. Mut. Ins. Co. (1997),123 Ohio App. 3d 356, 358, 704 N.E.2d 280; Konold v. R.W. Sturge,Ltd. (1996), 108 Ohio App. 3d 309, 311, 670 N.E.2d 574. Although the appellees asked for other forms of relief in this case, we look to the entirety of the case to determine which part of R.C. 2505.02 applies. See generally Regional Imaging Consultants Corp v. Computer BillingServices, Inc. (Nov. 30, 2001), Mahoning App. No. 00CA791; Mogavero v.Lombardo (Sep. 25, 2001), Franklin App. No. 01AP-98; Thompson v. Sydnor
(May 11, 1999), Scioto App. No. 98CA2578.